In the Interest of A.B., Jr., a Child.

No. 05–07–00898–CV.

Court of Appeals of Texas,
Dallas.

Oct. 10, 2008.

Rehearing Overruled Nov. 12, 2008.

Michael D. Becker, Asst. Atty. Gen., John B. Worley and Rande K. Herrell, Attorney General Office, Child Support Division, Austin, TX, for appellant.

Robert Thomas O'Donnell, Garland, TX, pro se.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice FRANCIS.

The Office of the Attorney General of Texas appeals the trial court's final order of modification in a suit affecting the parent-child relationship. In three issues, the OAG claims the trial court erred in ordering the OAG to send child support payments to a private company because the trial court lacked jurisdiction to so order the OAG under the Texas Constitution or the Texas Government Code and the order violates federal law by requiring child support payments be sent to an entity that is not an obligee. We sustain the OAG's second issue and remand this case for further proceedings.

In September 2006, the Department of Family and Protective Services filed a motion to modify and petition for termination. Following a hearing, the trial judge signed a final order of modification appointing A.B.'s aunt managing conservator of A.B., appointing A.B.'s parents possessory conservators, and ordering A.B.'s father to pay child support. In the order, the trial judge struck through the section entitled *"PAYMENT OF SUPPO[R]T AND COSTS"* and wrote "See Exhibit 'Z'" which is attached to the final order. Ex-

hibit "Z" orders A.B.'s father to pay $155 in monthly child support and specifically provides:

> Payor is to make payments payable to the Guardian Ad Litem and remit said payment to the:
>
> **TEXAS CHILD SUPPORT DISBURSEMENT UNIT**
>
> **P.O. BOX 659791**
>
> **SAN ANTONIO, TEXAS 78265–9791**
>
> **Whom thereafter is ORDERED to remit all child support payments to the:**
>
> **GUARDIAN AD LITEM/FRIEND OF THE COURT**
>
> **OR HIS DULY QUALIFIED SUCCESSOR**
>
> **P.O. BOX 551269**
>
> **DALLAS, TEXAS 75355–1269**

The Texas Child Support Distribution Unit is a branch of the OAG. Guardian Ad Litem (GAL) is a private company that collects, disburses, and enforces child-support payments for its clients in exchange for a fee. This appeal ensued.

In its second issue, the OAG claims the trial court had no jurisdiction to issue a mandatory injunction or mandamus against the OAG under the Texas Government Code. The OAG argues that, because the trial court lacked jurisdiction, this Court should declare those portions of the final order mandating SDU to send child support payments to GAL void. We agree.

Section 22.002(c) of the Texas Government Code provides:

> Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

TEX. GOV'T CODE ANN. § 22.002(c) (Vernon 2004). The OAG is an officer of the executive department of this state, TEX. CONST. art. IV, § 1, and is authorized to enforce, collect, and distribute child support. TEX. FAM.CODE ANN. §§ 102.007, 231.101, 231.104 (Vernon 2002 & Supp.2008); *In re A.M.*, 192 S.W.3d 570, 575 (Tex.2006) (Attorney General, as Title IV–D agency, "is fully authorized to sue for unpaid child support and defend against any claim that might affect that collection"); *In re M.E.G.*, 48 S.W.3d 204, 208 (Tex.App.–Corpus Christi 2000, no pet.) (Texas Family Code explicitly authorizes Attorney General to collect and distribute child support payments). Thus, the supreme court alone has the authority to "issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process" or otherwise compel the OAG to perform a judicial, ministerial, or discretionary act or duty. TEX. GOV'T CODE ANN. § 22.002(c). *See also A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672 (Tex.1995).

In this case, the trial court ordered the OAG to remit all child support payments received from A.B.'s father to GAL. The trial court's action constitutes issuing "a writ of mandamus or injunction, or any other mandatory or compulsory writ or process" against or compelling "the performance of a judicial, ministerial, or discretionary act or duty" by an officer of the executive department of this state. Because the trial court did not have jurisdiction under section 22.002(c) to compel the OAG to act, those portions of the final order and Exhibit Z ordering the OAG to remit all child support payments to the GAL are void. *See Ex parte Goad*, 690 S.W.2d 894, 896 (Tex.1985) (void order is one that is beyond power of court to enter). We sustain the OAG's second issue. In light of our disposition of this issue, we

need not address the remaining two issues. TEX.R.APP. P. 47.1.

We vacate those portions of the trial court's June 20, 2007 final order of modification in a suit affecting the parent-child relationship and Exhibit Z attached to it, and any order withholding from earnings for child support, that purport to compel the Texas Child Support Distribution Unit of the OAG to remit child support payments to GAL. We remand this cause for further proceedings consistent with this Court's opinion.