**Reversed and Remanded and Opinion filed January 27, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00086-CV

## IN THE INTEREST OF C.D.E., A CHILD

**On Appeal from the 246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-55822**

## O P I N I O N

The Office of the Attorney General (OAG) appeals from an order vacating and terminating its lien on a child support obligor's accounts, conditionally enjoining the OAG from instituting any further liens against the obligor, and directing the OAG to credit any funds previously levied from the obligor's accounts as of the date the lien was imposed. The OAG contends that the trial court lacked jurisdiction to enjoin the OAG and that its directives violate the separation of powers doctrine. The OAG also contends that the trial court erred in terminating the child support lien and ordering that levied funds be first applied against interest accrued on the arrearage. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Mother and Father were married in 1992 and divorced in 1994. They had one child, C.D.E. Father was ordered to pay child support of $200.00 semi-monthly, beginning in July 1994.

On May 23, 2011, the trial court signed an order enforcing and modifying Father's current child support obligation. The trial court upwardly modified Father's ongoing child support obligation to $1,000.00 per month. The trial court also found that Father was in arrears in the amount of $126,290.50, and granted a judgment in favor of the OAG for that amount, plus interest.

Father was ordered to pay the arrearage judgment by paying $200.00 each month beginning in June 2011, until the arrearage was paid in full, or on the termination of current child support for the child. At that point, if Father had not paid the judgment in full by the date his current child support obligation ended, he was ordered to pay $1,200.00 each month until the remainder of the arrearage was paid. The order included a wage withholding order and specified that "[t]he withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law." The order also informed Father that "[t]he court's order setting payments on a child support judgment . . . does not preclude or limit the use of any other means for enforcement of the judgment."

Additionally, the order included a "Notice to Obligor" informing Father that any judgment rendered in the order was not an installment debt and that the entire judgment was now due and owing. The notice warned that the OAG "may take whatever enforcement remedies deemed necessary[,] including any remedies required by federal or state laws to collect this judgment, even if regular periodic payments on this judgment are being made."

2

Under the May 23, 2011 order, all of Father's support obligations were to be paid to the Texas Child Support Disbursement Unit for distribution to Mother. The order reflected that both Mother and Father agreed to the entry of this order, and it was not appealed.

In February 2012, Father moved to terminate or clarify the May 23, 2011 order concerning his ongoing child support obligation for the now nineteen-year-old child. On May 11, 2012, the trial court signed an order granting father's motion, terminating the ongoing child support obligation. However, because Father had failed to pay the arrearage judgment in full by the date his current child support obligation ended, he became obligated to pay $1,200.00 each month until the arrearage was paid in full as provided in the May 23, 2011 order.

On September 12, 2012, the OAG issued a "Notice of Child Support Lien/Child Support Lien" on several of Father's Wells Fargo accounts. In response, Father filed a petition for declaratory judgment to set aside the child support lien. Father requested a declaration that arrearages no longer exist or, if they do exist, the lien should be terminated because Father was paying off those arrearages in accordance with the May 23, 2011 order. After an associate judge denied the petition, Father appealed this decision to the trial court.

In October 2013, the trial court heard Father's declaratory judgment action. In the hearing, Father claimed that the OAG had placed a lien on seven Wells Fargo accounts and that funds had been removed from all of the accounts except for two, a Roth IRA and a brokerage account. Father requested that the OAG's lien be removed from the Roth IRA and brokerage accounts, subject to being refiled if he failed to timely make payments on the child support arrearages. Father also testified that his employer withholds approximately $1,200.00 per month pursuant to the wage withholding order.

3

Father acknowledged that he owed arrearages and agreed that any funds removed from his other Wells Fargo accounts should be transferred to the OAG and credited toward his child support obligation. However, because Father claimed that the OAG had removed the funds from those accounts a year earlier, he requested that his account be credited as of the time the funds were removed, rather than when they were transferred to the OAG. No documentary or other evidence was admitted to show whether or when any funds had been removed from those accounts, nor was evidence presented to show when any funds that may have been removed were transferred to the OAG or distributed to Mother. Evidence submitted by the OAG reflected that as of the time of the hearing, Father still owed $106,857.74 on the arrearage judgment.

On November 22, 2013, the trial court issued an order on Father's motion for declaratory relief. The trial court vacated and terminated the OAG's September 12, 2012 child support lien as to the Wells Fargo Roth IRA and brokerage accounts. The trial court also enjoined the OAG from instituting any further child support liens against Father "unless [Father], after the date of this order, should be more than 30 days in arrears towards any confirmed child support arrearage obligation previously ordered." Additionally, the trial court ordered the OAG and the Child Support Disbursement Unit to apply any and all funds levied from the other accounts to the child support account and to credit Father's obligation as of September 12, 2012, the date of the lien, "for the purposes of reducing the interest owed by [Father] against any confirmed arrearage of [Father]."

The OAG moved for a new trial, arguing that the trial court lacked authority to vacate or terminate a child support lien, to order the OAG to apply levied funds to interest, or to conditionally enjoin the OAG from instituting any child support liens against Father. After a hearing, the trial court denied the motion.

The OAG contends that the trial court (1) lacked subject matter jurisdiction to enjoin the OAG; (2) violated the separation of powers doctrine when it enjoined the OAG from filing child support liens when arrearages were owed; (3) erred in terminating the child support lien when the trial court found that Father owed child support liens; and (4) erred in ordering that levied funds from Father's Wells Fargo accounts be first applied against interest accrued on his child support arrearage.

We review the court's ruling under an abuse of discretion standard. *Attorney Gen. of Tex. v. Stevens*, 84 S.W.3d 720, 722 (Tex. App.—Houston [1st Dist.] 2002, no pet.). A trial court's judgment is reversed only when it appears from the record as a whole that the trial court abused its discretion. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990); *Stevens*, 84 S.W.3d at 722. A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable it amounts to a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992); *Stevens*, 84 S.W.3d at 722.

## I.   Termination of the OAG's Lien

We begin with the OAG's third issue, in which the OAG contends that the trial court erred by vacating and terminating the September 12, 2012 child support lien when Father owed a confirmed child support arrearage. Although the trial court's order does not recite any evidentiary findings supporting this order, it appears from the record that the trial court accepted Father's contention that the lien should be terminated so long as Father continued to pay off the arrearage in accordance with the May 23, 2011 order. On appeal, the OAG argues that the trial court's order violates Family Code section 157.323(c).

The Family Code authorizes the OAG, the state's designated Title IV-D agency, to enforce child support orders and to collect and distribute support payments. *Office of the Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (citing Tex. Fam. Code §§ 231.001, 231.101(a)(5)–(6)). As a child support claimant, the OAG is expressly authorized to enforce a child support obligation by filing a statutorily prescribed lien to collect all amounts of child support due and owing. *See* Tex. Fam. Code §§ 157.311(2)(B), 157.312(a), (d), (f), 157.314(a), (d). Such a lien remains effective "until all current support and child support arrearages . . . have been paid or the lien is otherwise released as provided by this subchapter" and secures payment of all child support arrearages owed, "including arrearages that accrue after the lien notice was filed or delivered." *Id.* § 157.318.

Family Code section 157.323 provides that, in an action to determine arrearages, if arrearages are owed by the obligor, the court shall:

> 1) render judgment against the obligor for the amount due, plus costs and reasonable attorney's fees;
>
> (2) order any official authorized to levy execution to satisfy the lien, costs, and attorney's fees by selling any property on which a lien is established under this subchapter; or
>
> (3) order an individual or organization in possession of nonexempt personal property or cash owned by the obligor to dispose of the property as the court may direct.

Tex. Fam. Code § 157.323(c). The statute does not provide an option authorizing the trial court to vacate or terminate a lien when arrearages are due and owing. *See id.*; *see also* Tex. Fam. Code § 157.322 (mandating that child support lien claimant shall release the lien on payment in full of the amount of child support due, together with any costs and reasonable attorney's fees, but making no provision for a trial court to order a release).

Consistent with the OAG's statutory authority to enforce, collect, and distribute child support payments, the May 23, 2011 order enforcing and modifying Father's child support obligation informed Father that the trial court's "order setting payment on a child support judgment . . . does not preclude or limit the use of any other means for enforcement of the judgment." The order also informed Father that the judgment was "not an installment debt," that "the entire judgment is now due and owing," and that the OAG "may take whatever enforcement remedies deemed necessary" to collect on the judgment, "even if regular periodic payments on this judgment are being made." Both Mother and Father expressly agreed to the terms of the order. The record also reflects that, as of the October 2013 hearing, documentary evidence showed that Father remained in arrears of over $106,000.00.

Therefore, even if the trial court found that Father was timely making payments on the arrearage in compliance with the May 23, 2011 order, that portion of the trial court's order terminating the OAG's September 12, 2012 lien was contrary to the applicable provisions of the Family Code and the OAG's authority when, as here, an arrearage remained due and owing. *See* Tex. Fam. Code § 157.323; *see also In re R.C.T.*, 294 S.W.3d 238, 241–43 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that obligor's compliance with a payout schedule did not preclude a claimant such as the OAG from utilizing any available collection efforts, including filing a child support lien, and therefore the trial court erred by ordering the child support lien vacated).

We sustain the OAG's third issue and reverse that portion of the trial court's order vacating and terminating the OAG's September 12, 2012 lien and prohibiting the OAG from filing further liens.

7

## II. The Trial Court's Subject Matter Jurisdiction to Enjoin the OAG

In its first issue, the OAG contends that the trial court also erred by conditionally enjoining the OAG from issuing further child support liens and by directing the OAG to credit Father's child support obligation as of a specific date to reduce interest owed. According to the OAG, the order constitutes an injunction against the OAG, which the trial court lacks subject matter jurisdiction to issue.

Texas Government Code section 22.002(c) provides that only the Supreme Court of Texas may issue a "writ of mandamus or injunction, or any other mandatory or compulsory writ or process" to a constitutionally designated executive officer to "compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform." *See* Tex. Gov't Code § 22.002(c).[1] The Attorney General is such a constitutionally designated executive officer. Tex. Const. art. IV. § 1.

An injunction is a remedial writ that depends on the issuing court's equity jurisdiction. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). When determining whether an order is an injunction, we look to its character and function to determine its classification. *Id.*; *Del Valle Indep.*

---

[1] Texas Government Code section 22.002(c) provides:

> Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

> Tex. Gov't Code Ann. § 22.002(c). The Supreme Court of Texas has interpreted section 22.002(c) to deprive district courts of jurisdiction over executive officer respondents in mandamus actions, unless the legislature has expressly provided statutory authorization otherwise. *See A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672 (Tex. 1995). Father points to no constitutional or statutory grant of jurisdiction that would otherwise authorize the trial court's action.

*Sch. Dist. v. Lopez*, 845 S.W.2d 808, 809 (Tex. 1992). An injunction may be either prohibitive, forbidding particular conduct, or mandatory, requiring particular conduct. *In re Estate of Skinner*, 417 S.W.3d 639, 642–43 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *RP & R, Inc. v. Territo*, 32 S.W.3d 396, 400 (Tex. App.—Houston [14th Dist.] 2000, no pet).

In this case, that portion of the trial court's order conditionally enjoining the OAG from instituting any further child support liens against Father forbids particular conduct (a prohibitive injunction), and that portion of the order requiring any funds levied from Father's accounts to be applied and credited as of a specific date requires the OAG and Child Support Distribution Unit to take certain actions (a mandatory injunction). Accordingly, these orders may be properly characterized as types of injunctions. *See Qwest Commc'ns Corp.*, 24 S.W.3d at 336 (holding that order restricting party's conduct and requiring it to provide notice and perform monitoring during certain construction activities was an injunction); *Lopez*, 845 S.W.2d at 809 (holding that the trial court's order adopting and implementing an election plan provided mandatory injunctive relief).

As noted above, the OAG is entitled to enforce a child support obligation by issuing a lien as provided by statute, and such a lien remains effective until all child support arrearages are either paid or released. *See* Tex. Fam. Code §§ 157.312, 157.314, 157.318. Because the trial court's order enjoins the OAG from issuing further liens and further compels the OAG to perform "a judicial, ministerial, or discretionary act or duty," the trial court lacks jurisdiction to issue these orders under state law. *See* Tex. Gov't Code § 22.002(c); *see also In re A.B.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.) (holding that Tex. Gov't Code § 22.002(c) deprived the trial court of jurisdiction to order the OAG and the

Child Support Distribution Unit to disburse child support payments to a private company appointed by the court).

In response to the OAG's issue, Father offers no legal analysis or argument suggesting that the trial court was authorized to issue its order on these facts; instead, Father argues only the trial court enjoined the OAG because it found the OAG's actions "punitive." We acknowledge, however, that this court has previously held that a district court has inherent power to issue a mandatory order to the OAG when the OAG is a party to litigation. *See In re Office of the Attorney Gen. of Tex.*, No. 14-08-00665-CV, 2008 WL 3833785, at *3–4 (Tex. App.— Houston [14th Dist.] August 19, 2008, orig. proceeding) (mem. op.).[2]

In *Office of the Attorney General*, the OAG issued a lien notice to a child support obligor's bank after obtaining a default judgment ordering the obligor to pay monthly and retroactive child support. *Id.* at *1. The trial court, upon finding that the OAG had not properly served the obligor with process, set aside the default judgment, ordered the lien issued by the OAG extinguished, and directed the OAG to immediately release the lien. *Id.* On mandamus, this court rejected the OAG's argument that Government Code section 22.002(c) deprived the trial court of jurisdiction to order to the OAG to release the lien, noting that the trial court had inherent authority to set aside a judgment and order a new trial under Texas Rule of Civil Procedure 329b(f). *Id.* at *3–4. Because the trial court was authorized to set aside an improper default judgment and order a new trial, this court held that the trial court was also authorized to order the OAG to comply with its judgment, despite its status as an executive officer. *See id.* at *4.

Importantly, in *Office of the Attorney General*, the trial court's authority to order the OAG to release the lien flowed from its authority to set aside the

---

[2] The OAG does not mention or attempt to distinguish this case in its brief.

improper default judgment, which necessarily extinguished the judgment on which the OAG's lien was based. *See id.* at \*3–4. In contrast, the trial court in the present case conditionally enjoined the OAG from issuing any further liens on Father's Roth IRA and brokerage accounts to enforce an existing, confirmed arrearage that had yet to be satisfied, contrary to the Family Code as discussed above. Therefore, our earlier opinion in *Office of the Attorney General* is distinguishable and does not dictate a different result here.

Our disposition of this issue should not be interpreted to preclude the trial court from exercising its limited discretion to determine the amount of Father's remaining arrearage based on a proper evidentiary review, and to take into consideration any applicable statutorily authorized defenses that are properly raised and supported by evidence. *See* Tex. Fam. Code § 157.323(c); *Scholer*, 403 S.W.3d at 865 (noting that "a court may not adjust arrearage amounts outside of the statutorily mandated exceptions, offsets, and counterclaims").[3] As this Court has explained in the context of a proceeding to confirm child support arrearages, "the trial court's child support calculations must be based on the payment evidence presented, not the trial court's assessment of what is fair or reasonable." *Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In this appeal, however, the record reflects that the trial court had little or no evidence before it to determine what amount of funds, if any, had been levied from Father's accounts and whether or when any funds levied had been applied and credited toward Father's child support arrearage. Absent such evidence, the trial court merely enjoined the OAG from filing further liens and ordered "any and all" funds that may have been levied at any time to be credited to Father's obligation as of a specific date—orders the trial court lacked jurisdiction to render. If the trial

---

[3] The OAG conceded as much at oral argument.

court was presented with the proper evidence, it had the power to determine any proper credits and determine the actual amount of the arrearage at the time of the judgment.

We therefore sustain the OAG's first issue, and reverse those portions of the trial court's order conditionally enjoining the OAG from instituting any further child support liens and ordering the OAG and the Child Support Disbursement Unit to apply and credit to Father's child support obligation any and all funds levied by the OAG as of September 12, 2012, the date of the lien. Accordingly, we need not reach the OAG's second and fourth issues.

## CONCLUSION

We sustain the OAG's first and third issues, and do not reach its second and fourth issues. We reverse those portions of the trial court's November 22, 2013 order (1) vacating the OAG's September 12, 2012 lien, (2) conditionally enjoining the OAG from filing any further child support liens against Father, and (3) ordering the OAG and the Child Support Disbursement Unit to apply and credit to Father's child support obligation any and all funds levied by the OAG as of the date of the lien. We remand for further proceedings consistent with this opinion.


/s/     Ken Wise
        Justice



Panel consists of Justices Christopher, Donovan, and Wise.

12