

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-17-00755-CV

**IN THE INTEREST OF J.G.**, a Child

From the County Court at Law No. 2, Webb County, Texas
Trial Court No. 2012-CVW-001068-C3
Honorable Victor Villarreal, Judge Presiding

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: December 19, 2018

ORDER VACATED; REMANDED

The Office of the Attorney General (OAG) appeals from the trial court's order that compels the OAG to deposit Appellee F.G.'s federal income tax refunds into the trial court's registry. Because the trial court had no authority to issue a mandatory injunction against the OAG, or to render an agreed order without consent from one of the parties, we vacate the trial court's order and remand this cause to the trial court.

## BACKGROUND

In this child support dispute, appellees F.G. and V.G. are J.G.'s biological parents, father and mother, respectively. V.G., the mother, obtained a judgment against F.G. for unpaid monetary child support. Because F.G. had failed to comply with a trial court's order for child support, his income tax refunds were subject to being withheld to help satisfy his past-due child support

obligations. *See* 42 U.S.C. § 664 (2012) ("Collection of past-due support from Federal tax refunds"); *In re R.C.T.*, 294 S.W.3d 238, 244–45 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (discussing the applicability of the statute).

In accordance with the federal statute, the OAG notified the Secretary of the Treasury of the past-due support, and the Secretary withheld that amount from F.G.'s federal income tax refunds. As required, the Secretary of the Treasury paid the amount withheld to the OAG. *See* 42 U.S.C. § 664(a)(2)(A); *In re R.C.T.*, 294 S.W.3d at 244–45.

On August 15, 2017, the trial court held a hearing on the disposition of the withheld funds. Over the OAG's objections, the trial court signed an order that reads in its entirety as follows:

> On August 15, 2017, the Court heard this case. Respondent's [F.G.'s] Motion to Deposit Income Tax Return Funds into the Registry of the Court. Having considered the arguments of counsel and testimony of the parties, the court hereby FINDS: that the parties, [V.G. and F.G.,] have entered into an agreement and [the] Court approves the agreement and orders as follows:
>
> a. That the parties have entered into an agreement that disposes of all issues with regard to Petitioner's Motion for Enforcement of Child Support Payment;
> b. That the payment to Petitioner, [V.G.], shall be made on a voluntary basis from [F.G.'s] income tax returns for the years 2013, 2014[,] and 2015;
> c. That the payment to Petitioner be made immediately upon Respondent's receipt of income tax returns for the years 2013, 2014, 2015;
> d. That the total amount to be paid to Petitioner be $12,000; and
> e. That although it is the practice of the State Attorney General's office to withhold said income tax return funds due to the arrears now pending, these returns shall not be withheld by the [S]tate but rather deposited into the registry of the court.
>
> It is hereby ORDERED that the State Attorney General's office, upon receipt of any income tax return funds in the name of [F.G.], [V.G.], or both, shall deposit said funds into the registry of the Court for distribution pursuant to the Parties Agreement.

The OAG appeals the trial court's order.

**ISSUES**

The OAG raises three issues on appeal. First, the trial court's order is a mandatory injunction, and the trial court was barred by statute from issuing a mandatory injunction against the OAG. Second, the OAG did not consent to the order. And third, the trial court's order conflicts with federal law.

**MANDATORY INJUNCTION AGAINST THE OAG**

We begin with the mandatory injunction issue.

### A. Standard of Review

"Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling *de novo*." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004); *accord Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 502 (Tex. 2010).

### B. Applicable Law

The legislature has restricted the judiciary's authority over certain state officers:

> (c) Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

TEX. GOV'T CODE ANN. § 22.002(c); *accord In re A.B., Jr.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.) ("[T]he supreme court alone has the authority to 'issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process' or otherwise compel the OAG to perform a judicial, ministerial, or discretionary act or duty."); *see In Interest of H.G-J.*, 503 S.W.3d 679, 682 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

"The Attorney General is such a constitutionally designated executive officer." *In re C.D.E.*, 533 S.W.3d 367, 371–72 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *accord In re A.B., Jr.*, 267 S.W.3d at 565.

"When determining whether an order is an injunction, we look to its character and function to determine its classification." *In re C.D.E.*, 533 S.W.3d at 372; *accord Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) ("[I]t is the character and function of an order that determine[s] its classification."). A trial court's order that compels the OAG to act is a mandatory injunction, is barred by statute, and is void. *In re H.G-J.*, 503 S.W.3d at 682 ("[B]ecause the order compelled the OAG to distribute child support payments, 'a judicial, ministerial, or discretionary act or duty that [it is] authorized to perform,' the trial court lacked jurisdiction to issue the order." (second alteration in original) (footnote omitted)); *In re C.D.E.*, 533 S.W.3d at 371–72; *In re A.B., Jr.*, 267 S.W.3d at 565.

## DISCUSSION

The OAG argues that because certain language in the order compels the OAG to act, the order is, by its nature, a mandatory injunction, and the trial court had no authority to render the order. F.G. argues that the order is not a mandatory injunction because it merely prohibits the OAG from intercepting the income tax refunds.

For purposes of this first issue, we address just those portions of the order that affect the OAG: subparagraph e. and the last paragraph.

In subparagraph e., the order states, in part, that the tax refunds "shall not be withheld by the state but rather deposited into the registry of the court."

In the last paragraph, the trial court's order states "It is hereby ORDERED that the State Attorney General's office, upon receipt of any income tax return funds in the name of [F.G.], his wife, or both shall deposit said funds into the registry of the Court for distribution pursuant to the Parties Agreement."

These portions of the trial court's order "compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform."

*See* TEX. GOV'T CODE ANN. § 22.002; *In re A.B., Jr.*, 267 S.W.3d at 565. This language, in direct contravention of the statute, creates a mandatory injunction against the OAG—which the trial court had no authority to render. *See* TEX. GOV'T CODE ANN. § 22.002(c); *In re H.G-J.*, 503 S.W.3d at 682; *In re A.B., Jr.*, 267 S.W.3d at 565.

We sustain the OAG's first issue with respect to subparagraph e. and the last paragraph of the order.

## AGREED ORDER WITHOUT CONSENT

The OAG also argues the order is void because the OAG did not consent to the order.

### A.  Standard of Review

The record conclusively establishes that the OAG did not consent to the language in subparagraph e. and the last paragraph, and the trial court rendered its order based solely on the parents' consents. *Cf. Bruess v. Residential Credit Sols., Inc.*, No. 01-13-00321-CV, 2014 WL 3843517, at *2 (Tex. App.—Houston [1st Dist.] Aug. 5, 2014, no pet.) (mem. op.) (likening the situation to a summary judgment and applying a de novo review). The dispositive question for the order is one of law, which we review de novo.[1] *See City of Del Rio v. Clayton Sam Colt Hamilton Tr.*, 269 S.W.3d 613, 616 (Tex. App.—San Antonio 2008, pet. denied) (reviewing de novo a declaratory judgment based on stipulated facts); *Karm v. City of Castroville*, 219 S.W.3d 61, 63 (Tex. App.—San Antonio 2006, no pet.) ("To the extent that the issues involved stipulated facts and only questions of law were presented to the trial court, this court reviews the trial court's decision de novo.").

---

[1] Assuming arguendo the standard of review is abuse of discretion, our decision would be the same. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion." *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). As we discuss in the first two issues, the trial court did not apply the law correctly.

**B.      Applicable Law**

"When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, the trial court should refuse to sanction the agreement by making it the judgment of the court." *Quintero v. Jim Walter Homes, Inc.*, 654 S.W.2d 442, 444 (Tex. 1983) (citing *Burnaman v. Heaton*, 240 S.W.2d 288, 291 (Tex. 1951)).  More specifically, "[a] court 'cannot render a valid agreed judgment absent consent at the time it is rendered.'"  *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam) (quoting *Padilla v. LaFrance*, 907 S.W.2d 454, 461 (Tex. 1995)); *accord Burnaman*, 240 S.W.2d at 291 ("A valid consent judgment cannot be rendered by a court when consent of one of the parties thereto is wanting.").  "Without consent, the judgment is void." *Samples Exterminators v. Samples*, 640 S.W.2d 873, 875 (Tex. 1982) (per curiam); *accord Giles v. Giles*, 830 S.W.2d 232, 235 (Tex. App.—Fort Worth 1992, no writ).

**C.      Analysis**

*1.      OAG is a Party*

As the Title IV-D agency for Texas, the OAG may enter into agreements and implement legal actions to fulfill its Title IV-D duties.  *See* TEX. FAM. CODE ANN. § 231.002 ("Powers and Duties").  In this case, the clerk's record identifies the OAG as a party and shows the OAG was served with citation, and the return of service was filed.  *See* TEX. R. CIV. P. 106, 107.

*2.      Agreed Order was Void*

At the August 15, 2017 hearing, counsel for the OAG stated he had not reviewed F.G. and V.G.'s agreed order.  The OAG's counsel objected to any language that would compel the OAG to do or refrain from doing anything, and he stated on the record "I cannot agree to that."[2]  The

---

[2] The OAG continued: "I do have concerns about language ordering us to do some of this intercepting.  I think if we strike that language or suspend it during the commitment, I don't have any issues with that."  Nevertheless, the record conclusively establishes that the OAG did not consent to the order in its entirety.

trial court recognized that the OAG did not agree with all the proposed language, but undeterred, it declared "the parties, exclusive of the Attorney General's office, [V.G.] and [F.G.] have entered into an agreement and the Court approves that agreement." The court had no authority to render an agreed order where the OAG clearly stated its lack of consent before the order was rendered. *See Quintero*, 654 S.W.2d at 444 (citing *Burnaman*, 240 S.W.2d at 291); *see also Chisholm*, 209 S.W.3d at 98. We sustain the OAG's second issue with respect to the remainder of the order.

Because the first and second issues dispose of the entire order, we do not address the OAG's third issue.

## CONCLUSION

The portion of the trial court's order compelling the OAG to deposit F.G.'s tax return refunds into the trial court's registry was a mandatory injunction—which the trial court had no authority to render. Further, because the OAG did not consent to the "agreed order," the trial court had no authority to render the order including those portions that did not affect the OAG. The trial court's August 17, 2017 order is void. We vacate the order in its entirety and remand this cause to the trial court.

Patricia O. Alvarez, Justice