

# NUMBER 13-20-00133-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Justices Benavides, Perkes, and Tijerina**
**Memorandum Opinion by Justice Perkes[1]**

Through this original proceeding, the Office of the Attorney General of Texas (OAG) seeks to vacate a February 12, 2020 order releasing its child support lien in the underlying case.[2] We conclude that the order is void because it was signed without notice

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so," but "[w]hen granting relief, the court must hand down an opinion as in any other case"); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This petition for writ of mandamus arises from trial court cause number 2018-FAM-0046-D in the 105th District Court of Nueces County, Texas, and the respondent is the Honorable Jack W. Pulcher. *See id.* R. 52.2.

and hearing to the OAG. Accordingly, we conditionally grant the petition for writ of mandamus.

## I. BACKGROUND

On January 3, 2018, B.W.D. (Mother) filed a petition to divorce T.L.D. (Father). On May 25, 2018, the trial court signed an agreed temporary order appointing both parents as temporary joint managing conservators for the two children of the marriage. In its order, the trial court awarded Mother with the exclusive right to designate the primary residence of the children without regard to a geographic restriction and to receive child support on their behalf. The trial court ordered Father to pay $1,245.00 per month in child support beginning on June 1, 2018, and authorized Father's employer to withhold the child support payments from his disposable earnings. The trial court ordered Father to make all child support payments through the Texas Child Support Disbursement Unit, operating under the statutory authority of the OAG. The trial court's order also stated that the parties agreed to suspend all writs of withholding from Father's wages "as long as no delinquency or other violation of this child support order occurs and as long as the [OAG] is not providing services to [Mother]." The trial court specifically ordered that "all payments shall be made through the state disbursement unit" unless (1) there was either a delinquency or "other violation" of the temporary child support order, or (2) the OAG began providing services to Mother.

On June 19, 2018, the OAG filed a "Notice of Attorney General as Necessary Party and Change of Payee." In its notice, the OAG stated that:

> The children are receiving financial assistance under the Temporary Assistance for Needy Families program, the Medicaid program, or Title IV-E Foster Care; or the Attorney General of Texas is providing services pursuant to Texas Family Code Chapter 231 for the benefit of the above

2

named children and such children are not currently receiving financial assistance. The Attorney General of Texas is assigned [Mother's] support rights.

The notice further provided that Father must make all child support payments through the State Disbursement Unit. The notice specifically stated that the case was a "Title IV-D Case," and advised the parties that, "[p]ursuant to state and federal law the [OAG] is now a necessary party and must be duly notified as to all future legal actions."

On or about November 20, 2019, the OAG filed a "Notice of Lien" with the Nueces County Clerk against Father's real and personal property. On the lien notice, the OAG alleged that Father owed $15,655.90 in child support arrears as of November 14, 2019. On January 24, 2020, the OAG filed a "Notice of Lien to Financial Institution" against Father's bank accounts at Regions Bank. In the notice, the OAG alleged that Father owed $12,560.30 in child support arrears as of January 24, 2020.

On February 12, 2020, Father filed an "Emergency Motion for Clarification of Child Support Motion to Release Lien and Confirm Child Support [Arrearage]." In the motion, Father alleged "financial circumstances have materially changed" since the trial court's entry of the temporary order, "which requires confirmation of arrearages." Father alleged that the OAG's action in filing the financial institution lien "froze all assets with [his] bank for past due child support." Father argued that he made direct child support payments to Mother, rather than making the payments through the State Disbursement Unit. Father requested that the trial court "confirm all direct payments made to [Mother] and release said lien." Father also requested that the court "construe and clarify" the agreed temporary order to specify the "amounts, location, and time of payment of child support" and

3

"whether the Court ordered and that the parties [agreed] to suspend withholding of earnings of child support and [Mother] agreed to accept direct payment of child support." Father also requested that his motion be set for hearing on February 20, 2020.

On February 12, 2020, the same date as the filing of Father's motion, the trial court signed an order releasing the OAG's child support lien. The "Order of Respondent's Motion for Clarification of Child Support, Motion to Release Lien and Confirm Child Support [Arrearage]" orders that "the child support lien filed by the [OAG] is hereby RELEASED." The order further provides that "the contested issues of the amount of direct payments made by [Father] to [Mother] and whether [Father] is in arrears for unpaid child support" based on the May 4, 2018 temporary order were set for "final hearing," scheduled to occur on May 6, 2020. The order stated that all terms of the prior temporary order that are not "clarified in this order shall remain in full force and effect" and that "[a]ll relief requested and not expressly granted is denied."

On February 19, 2020, the OAG filed its "Answer, Objection, and Motion to Dismiss [Father's] Motion for Clarification of Child Support Motion to Release Lien and Confirm Child Support [Arrearage]" and "Motion to Set Aside Order." In this pleading, the OAG alleged that Father owed $23,954.52 in child support arrears as of February 18, 2020. The OAG requested that the trial court grant a judgment against Father for unpaid child support, dismiss Father's motion to release the lien, and set aside the order as void. The OAG stated that: (1) the trial court's order was issued without hearing; (2) the trial court lacked jurisdiction to enjoin or mandamus the OAG; (3) the Legislature has provided the OAG with the authority to enforce child support through liens; (4) Father's motion was

4

premature due to his failure to exhaust administrative remedies; and (5) only the Texas Supreme Court can enjoin the OAG from foreclosing on a valid lien.[3]

On February 20, 2020, the OAG and Father's counsel appeared at the hearing on the merits of Father's motion. After announcements, the trial court inquired as to the presence of the OAG given that the final hearing was set for May 6, 2020. The OAG explained that a hearing on Father's motion had been set for February 20, 2020. The trial court stated that it signed its order releasing the OAG's child support lien on February 12, 2020, and that the order would remain in place until the May 6, 2020 hearing.

This original proceeding ensued. The OAG attacks the trial court's order by four issues asserting that: (1) the order releasing the child support lien is "constitutionally infirm"; (2) the trial court erred in signing the "default order" releasing the child support lien because Father failed to give notice that he intended to take a default judgment; (3) the trial court abused its discretion in issuing an order releasing the child support lien because it "failed to make a finding that Father owed no child support arrears"; and (4) the trial court lacked subject matter jurisdiction to enjoin the OAG.

This Court granted the OAG's request for temporary relief and ordered the trial court's February 12, 2020 order to be stayed. *See* TEX. R. APP. P. 52.10(b) ("Unless

---

[3] Section 22.002(c) of the Texas Government Code delineates mandamus jurisdiction over officers of the executive departments of government. *See* TEX. GOV'T CODE ANN. § 22.002(c). This section states:

> Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

*Id.*; *see In re C.D.E.*, 533 S.W.3d 367, 371–72 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (concluding that the OAG had the authority to institute a lien against father's bank accounts for past due child support and that the trial court lacked jurisdiction to enjoin the OAG from issuing further liens). In this regard, the attorney general is an officer of an executive department of government. *See* TEX. CONST. art. IV, § 1; *In re H.G.-J.*, 503 S.W.3d 679, 682 (Tex. App.—Houston [14th Dist.] 2016, no pet.).

vacated or modified, an order granting temporary relief is effective until the case is finally decided."). The Court further requested that the real parties in interest, Father and Mother, or any others whose interest would be directly affected by the relief sought, file a response to the petition for writ of mandamus. *See id*. R. 52.2, 52.4, 52.8. Despite inquiries from the Deputy Clerk of this Court, neither Father nor Mother filed a response to the OAG's petition for writ of mandamus nor filed a motion for extension of time to file a response.

## II. STANDARD OF REVIEW

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am*., 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or supporting evidence. *In re Nationwide*, 494 S.W.3d at 712; *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). A trial court abuses its discretion when it fails to analyze or apply the law correctly or apply the law correctly to the facts. *In re Nationwide*, 494 S.W.3d at 712; *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam).

We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co*., 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In deciding whether the benefits of mandamus outweigh the detriments, we weigh the public and private interests involved, and we look to the facts in each case to determine the

6

adequacy of an appeal. *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 313 (Tex. 2010) (orig. proceeding); *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 469 (Tex. 2008) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. Mandamus "may be essential to preserve important substantive and procedural rights from impairment or loss, [and] allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

With regard to the specific circumstances of this case, mandamus is appropriate if the trial court issues an order beyond its jurisdiction. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 519, 522 (Tex. 2010) (orig. proceeding). In such instances, the relator need not show that it lacks an adequate remedy on appeal. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam); *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *In re Thompson*, 569 S.W.3d 169, 172 (Tex. App.—Houston [1st Dist.] 2018, orig. proceeding).

### III.    CHILD SUPPORT

The Texas Family Code authorizes the OAG, the state's designated Title IV–D agency, to enforce, collect, and distribute child support. *Office of the Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013); *see* TEX. FAM. CODE ANN. §§ 231.001, 231.101(a)(5)-(6); *see also In re D.A.J.*, No. 04-19-00641-CV, 2020 WL 557544, at *2 (Tex. App.—San Antonio Feb. 5, 2020, no pet.) (mem. op.). When the OAG provides Title IV–D services, it becomes entitled to an assignment of child support rights. *See* TEX. FAM. CODE ANN. § 231.104; *Scholer*, 403 S.W.3d at 862 (discussing the limited power of

assignment provided to the OAG based on applications for financial assistance or child support services). Likewise, any child support arrearage belongs to the OAG because of the assignment. *See In re A.B.,* 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.); *In re M.E.G.,* 48 S.W.3d 204, 208 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.); *see also In re C.A.C.*, No. 13-10-00332-CV, 2011 WL 3631958, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 18, 2011, orig. proceeding) (mem. op.).

## IV.    ANALYSIS

In its first issue, the OAG argues that the trial court's order releasing its child support lien is constitutionally infirm. In support of this issue, the OAG contends that the trial court's failure to provide notice and hearing of its intent to rule on Father's motion to release the child support lien deprived the OAG of due process and the resulting order is void.

A trial court's failure to comply with the notice requirements in a contested case deprives a party of the constitutional right to be present at the hearing and to voice its objections in an appropriate manner, which results in a violation of fundamental due process. *See In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014). Failure to give proper notice "violates 'the most rudimentary demands of due process of law.'" *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)). Due process requires that parties receive notice "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Peralta*, 485 U.S. at 84 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)); *see Cunningham v. Parkdale Bank*, 660 S.W.2d 810, 813 (Tex. 1983). Stated otherwise, due process requires notice

"at a meaningful time and in a meaningful manner" that would enable a party that would be bound by a court's judgment to have an opportunity to be heard. *Peralta*, 485 U.S. at 86; *accord Univ. of Tex. Med. Sch. v. Than*, 901 S.W.2d 926, 930 (Tex. 1995). "[A] judgment entered without notice or service is constitutionally infirm." *Peralta*, 485 U.S. at 84; *see Garcia v. Harding*, 545 S.W.3d 8, 13–14 (Tex. App.—El Paso 2017, no pet.) (collecting cases regarding entry of judgments without notice); *In re Guardianship of Jordan*, 348 S.W.3d 401, 405 (Tex. App.—Beaumont 2011, no pet.) ("The constitutional right to due process of law restricts the ability of a court to render a judgment binding a party without proper notice."). If improper notice is given to a party when notice is required, any subsequent court proceedings with respect to the party who was not given notice are void. *Lytle v. Cunningham*, 261 S.W.3d 837, 840 (Tex. App.—Dallas 2008, no pet.); *Gutierrez v. Lone Star Nat'l Bank*, 960 S.W.2d 211, 214 (Tex. App.—Corpus Christi–Edinburg 1997, pet. denied). "In sum, a judgment is void if the defects in service are so substantial that the defendant was not afforded due process." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 275 (Tex. 2012); *see Sec. State Bank & Tr. v. Bexar Cty.*, 397 S.W.3d 715, 723 (Tex. App.—San Antonio 2012, pet. denied).

Pursuant to the statutory scheme and cases construing the family code, the OAG provided child support services to Mother and thereby possessed an assignment in the child support arrearage, and that child support arrearage belonged to the OAG by the assignment. *See* TEX. FAM. CODE ANN. § 231.104; *In re A.B.,* 267 S.W.3d at 565; *In re M.E.G.,* 48 S.W.3d at 208. The record provided by the OAG indicates that it filed pleadings affirmatively stating that it possessed a lien as to the child support, and the record contains no order or judgment dismissing the OAG from the case.

9

Here, it is undisputed that the trial court did not provide notice that it intended to rule on Father's emergency motion and that it did not hold a hearing prior to signing the February 12, 2020 order requiring the OAG to release its lien.[4] The failure to give proper notice and hearing on Father's motion resulted in a violation of due process and rendered the agreed judgment "constitutionally infirm." *See Peralta*, 485 U.S. at 84; *In re Guardianship of Jordan*, 348 S.W.3d at 405; *see also In re D.A.J.*, 2020 WL 557544, at *2 (reversing an order on a child support obligation where the OAG failed to receive notice and hearing); *Office of the Attorney Gen. of Tex. v. Rivera*, No. 13-18-00389-CV, 2019 WL 6769873, at *3 (Tex. App.—Corpus Christi–Edinburg Dec. 12, 2019, no pet.) (mem. op.) (reversing part of a judgment relating to child support and medical arrears where the OAG was deprived of its due process rights by failing to receive notice and hearing); *In re J.A.M.*, No. 13-18-00494-CV, 2019 WL 3721350, at *4 (Tex. App.—Corpus Christi–Edinburg Aug. 8, 2019, no pet.) (mem. op.) (concluding that error was apparent on the face of the record in a restricted appeal when the OAG failed to receive notice and

---

[4] We note that the Texas Supreme Court has held that the trial court cannot enforce private agreements between obligors and obligees to reduce or eliminate child support obligations or rely on such agreements to reduce the arrearages. *See Ochsner v. Ochsner*, 517 S.W.3d 717, 723–24 (Tex. 2016); *Williams v. Patton*, 821 S.W.2d 141 (Tex. 1991). The rationale for this holding is as follows:

> The Legislature requires courts to consider whether the proposed parental agreements serve the child's best interests—a recognition of the key tenet that child support is a duty owed by a parent to a child, not a debt owed to the other parent.

> Our decision in *Williams* was guided by the acknowledgment that the obligee parent may suffer significant financial hardship following divorce and thus might be tempted to accept, for example, an offer of a lump-sum payment instead of the court-ordered regimen of payments even though over time the court-ordered scheme would provide more money towards the child's upbringing. Our concern was the risk of private downward modification of child-support payments, either unilaterally or by "agreement," to shirk parental duty.

*Ochsner*, 517 S.W.3d at 724 (footnotes omitted) (discussing *Williams*, 821 S.W.2d at 144–45). "Requiring that the trial court reduce arrearages to a final judgment before such agreements can be entered into protects the interests of the child by encouraging the payment of child support and protects the interests of the custodial parent by equalizing the bargaining positions of the parties." *Williams*, 821 S.W.2d at 146.

10

hearing); *In re Office of Attorney Gen.*, No. 13-18-00474-CV, 2018 WL 5274147 at *4 (Tex. App.—Corpus Christi–Edinburg Oct. 23, 2018, orig. proceeding) (mem. op.) (conditionally granting mandamus relief to set aside an agreed order regarding past due child support arrearage where the OAG failed to receive notice and hearing).

We conclude that the trial court abused its discretion by signing the order without providing the OAG with notice and hearing, and accordingly, the order is void. *See Peralta*, 485 U.S. at 84; *In re Guardianship of Jordan*, 348 S.W.3d at 405; *see also In re D.A.J.*, 2020 WL 557544, at *2; *Rivera*, 2019 WL 6769873, at *3; *In re J.A.M.*, 2019 WL 3721350, at *4 *In re Office of Attorney Gen.*, 2018 WL 5274147 at *4. Therefore, mandamus is a proper remedy without a showing that the OAG lacks an adequate remedy by appeal. *See In re Vaishangi, Inc.*, 442 S.W.3d at 261; *In re John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d at 522; *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605. We sustain the OAG's first issue.

Having sustained the OAG's first issue, we need not address its remaining issues. *See* TEX. R. APP. P. 47.1. Our disposition of this matter should not be interpreted to preclude the trial court from exercising its discretion to find and confirm the amount of Father's child support arrearage. *See* TEX. FAM. CODE ANN. §§ 157.319(a), 157.321, 157.322, 157.323; *Ochsner v. Ochsner*, 517 S.W.3d 717, 720 (Tex. 2016). The trial court may determine the amount of Father's arrearage based on an evidentiary review taking into consideration any statutorily authorized defenses that are raised and supported by evidence. *See* TEX. FAM. CODE ANN § 157.323(c); *Scholer*, 403 S.W.3d at 865 (noting that "a court may not adjust arrearage amounts outside of the statutorily mandated exceptions, offsets, and counterclaims"); *see also Chenault v. Banks*, 296 S.W.3d 186, 190 (Tex.

11

App.—Houston [14th Dist.] 2009, no pet.) (stating that "the trial court's child support calculations must be based on the payment evidence presented").

### V.   CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the record, and the applicable law, concludes that the OAG has met its burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10(b). We conditionally grant mandamus relief directing the trial court to vacate the February 12, 2020 order. Our writ will issue only if the trial court fails to act in accordance with this opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
23rd day of April, 2020.