

# NUMBER 13-17-00544-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

# IN THE INTEREST OF C.H., OAG #05556988921

---

### On appeal from the 329th District Court
### of Wharton County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Perkes

This is a restricted appeal filed by the Office of the Attorney General of Texas (OAG) from a final order setting aside various enforcement actions taken by the OAG to collect alleged unpaid child support from appellee Everett Hughes. By two issues, the OAG argues: (1) the trial court lacked subject matter jurisdiction to review an administrative suspension of Hughes's driver's license; and (2) the trial court lacked

subject matter jurisdiction to enjoin the OAG from taking future enforcement actions against Hughes.   We affirm in part and vacate and dismiss the case in part.

## I. BACKGROUND

The 329th Judicial District Court of Wharton County, Texas ordered Hughes to pay child support beginning in December 1996 for the benefit of his daughter Chardaa Hughes.[1]   In October 1999, the same trial court issued an agreed Order Enforcing Child Support Obligation, which included a cumulative money judgment against "EVERETT HUGHES and in favor of the ATTORNEY GENERAL in the amount of $15,000.00, with interest at the rate of 12% per annum, for collection and distribution according to the law."

In 2015, acting as the state's Title IV-D agency, the OAG initiated collection efforts against Hughes by sending a notice of child support lien to his bank, *see* TEX. FAM. CODE ANN. §§ 157.311–.3145, and issuing administrative writs of withholding to his employers.[2] *See id.* §§ 158.501–.505.   Additionally, the OAG filed a petition with the State Office of Administrative Hearings (SOAH) that resulted in the suspension of Hughes's driver's license.   *See id.* §§ 232.001–.009

Hughes filed a motion in the trial court alleging the OAG's collection efforts violated Texas Family Code § 157.005(b) because the OAG failed to first obtain a cumulative

---

[1] Chardaa Hughes was born on November 28, 1987; therefore, it is no longer necessary to use an alias to protect her identity.   *See* TEX. R. APP. P. 9.8.

[2] In these documents, the OAG alleged Hughes owed more than $65,000 in unpaid child support, not only for Chardaa, but also arising under a separate child support order.   That order concerned a different child and mother and was issued by the 300th Judicial District Court in Brazoria County, Texas in May 2008.   The trial court's judgment in this case affects only the OAG's efforts to enforce Chardaa's child support order; it has no bearing on the OAG's enforcement remedies for the support order issued by the 300th Judicial District Court, which maintains continuing jurisdiction to enforce its separate support order. *See* TEX. FAM. CODE ANN. § 157.269.

2

money judgment against Hughes within ten years of Chardaa becoming an adult.[3]

Hughes set his motion for hearing, and the OAG failed to appear. The trial court rendered a judgment in Hughes's favor and ordered the Texas Department of Public Safety to lift his driver's license suspension, declared any child support liens void, rescinded the administrative writs of withholding, and ordered "that no further wages be withheld in this cause or in OAG # 05556988921."[4] This restricted appeal ensued.

## II. DISCUSSION

To prevail on a restricted appeal, a party must establish that: (1) it filed a notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014).

In this case, the first and third elements are uncontested. We previously overruled Hughes's motion to dismiss based on the second element, concluding the OAG was a party to the underlying suit. To satisfy the fourth element, the OAG challenges the trial court's subject matter jurisdiction on two separate grounds. Subject matter jurisdiction

---

[3] The OAG failed to challenge this legal argument on appeal; therefore, we express no opinion as to its validity. *See Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) (holding that, other than jurisdictional issues, an appellate court commits reversible error when it sua sponte raises grounds that were not argued on appeal). The Court notes, however, that several courts of appeals have rejected Hughes's argument, holding that the limitations under § 157.005(b) do not preclude other enforcement remedies, such as writs of withholding and child support liens. *See In re D.W.G.*, 391 S.W.3d 154, 160 (Tex. App.—San Antonio 2012, no pet.) (collecting cases).

[4] The OAG assigns an internal case number to each Title IV-D case and 05568996921 is the case number assigned to Chardaa's case. The separate support order issued by the 300th Judicial District Court in Brazoria County has a separate Title IV-D case number.

is a question of law we review de novo. *Nazari v. State*, 561 S.W.3d 495, 522 (Tex. 2018) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)).

## A.    Driver's license claim

By its first issue, the OAG argues that the trial court lacked subject matter jurisdiction to review the SOAH's decision because Hughes was statutorily required to file his petition for judicial review in a Travis County district court. *See* TEX. GOV'T CODE ANN. § 2001.176(b). Because the modern trend is to protect the finality of judgments from jurisdictional attacks, the Supreme Court of Texas requires "clear legislative intent" before concluding a statutory requirement is jurisdictional. *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75–76 (Tex. 2000)). Therefore, we start with the presumption that the Legislature did not intend to make § 2001.176(b)'s filing requirement jurisdictional unless clear legislative intent leads us to a contrary conclusion. *See id.* at 394. As with any statutory provision, we look to the plain language to determine legislative intent. *Id.* at 395 (citing *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 684 (Tex. 2007)). Statutory construction is a question of law we review de novo. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008).

When, as in this case, the OAG initiates an administrative proceeding to suspend an obligor's driver's license, the proceeding is governed by the contested case provisions under the Administrative Procedure Act (APA). TEX. FAM. CODE ANN. § 232.004(d). The SOAH's order suspending Hughes's driver's license was "a final agency decision subject to review under the substantial evidence rule as provided by [the APA]." *Id.* § 232.010. Under the APA, "[a] person initiates judicial review in a contested case by filing a petition

4

not later than the 30th day after the date the decision or order that is the subject of complaint is final and appealable." TEX. GOV'T CODE ANN. § 2001.176(a). "Unless otherwise provided by statute . . . the petition must be filed in a Travis County district court." *Id.* § 2001.176(b).

The OAG has failed to provide us with any case authority to support its position that this statutory filing requirement is jurisdictional, and we have found none. To the contrary, at least two courts of appeals have concluded that § 2001.176(b) is a mandatory venue provision. *Combined Specialty Ins. Co. v. Deese*, 266 S.W.3d 653, 666 (Tex. App.—Dallas 2008, no pet.); *In re Hartford Underwriters Ins. Co.*, 168 S.W.3d 293, 295–96 (Tex. App.—Eastland 2005, no pet.). And in obiter dictum, the Supreme Court of Texas suggested the same. *See Morales v. Liberty Mut. Ins. Co.*, 241 S.W.3d 514, 516 n.1 (Tex. 2007) (in deciding whether § 2001.176(b) or another statute controlled, the supreme court noted that the courts and parties had misconstrued the issue as one of subject matter jurisdiction).

We agree. The mandatory venue provisions in Chapter 15 of the Texas Civil Practice & Remedies Code provide guidance. They require that a given cause of action "shall be brought" in a given county. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 15.015 ("An action against a county shall be brought in that county."). Section 2001.176(b)'s requirement that "the petition must be filed in a Travis County district court" is simply another way of saying where the petition "shall be brought." *Compare* TEX. GOV'T CODE ANN. § 2001.176(b) *with* TEX. CIV. PRAC. & REM. CODE ANN. § 15.015; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 15.016 (recognizing other mandatory venue statutes exist outside Chapter 15).

5

If the Legislature had intended to confer Travis County district courts with exclusive jurisdiction over Hughes's appeal, it could have done so in express terms. *See, e.g.*, TEX. EST. CODE ANN. § 32.005(a) ("In a county in which there is a statutory probate court, the statutory probate court has exclusive jurisdiction of all probate proceedings, regardless of whether contested or uncontested."). We presume this omission was purposeful. *See TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We presume that the Legislature chooses a statute's language with care, including each word chosen for a purpose, while purposefully omitting words not chosen." (citing *In re M.N.*, 262 S.W.3d 799, 803 (Tex. 2008))). Because the plain meaning of § 2001.176(b) fails to express a "clear legislative intent" that the filing requirement is jurisdictional, we reject the OAG's argument. *See City of DeSoto*, 288 S.W.3d at 393.

Unlike subject matter jurisdiction, the right to a mandatory venue may be waived by failing to file a timely objection. TEX. R. CIV. P. 86; *Deese*, 266 S.W.3d at 666 (citing *Kshatrya v. Tex. Workforce Comm'n*, 97 S.W.3d 825, 830 (Tex. App.—Dallas 2003, no pet.)). Even if the OAG had properly identified the issue in this Court, there is no indication in the record that the OAG preserved its objection; according to the record before us, the OAG never appeared in the proceeding. Therefore, the OAG has failed to present an error that is apparent from the face of the record. *See Pike-Grant*, 447 S.W.3d at 886. We overrule the OAG's first issue.

**B.    Enjoining the OAG from issuing future writs of withholding**

By its second issue, the OAG complains that the trial court exceeded its subject matter jurisdiction by enjoining the OAG from issuing any additional administrative writs of withholding to enforce Chardaa's support order. We agree.

6

Section 22.002(c) of the Texas Government Code provides:

> Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

TEX. GOV'T CODE ANN. § 22.002(c). The OAG is an officer of the executive department of this state, TEX. CONST. art. IV, § 1, authorized to enforce and collect child support orders by issuing administrative writs of withholding to an obligor's employer. TEX. FAM. CODE ANN. §§ 158.501(a), 231.101(a)(5). As such, only the supreme court has the authority to enjoin the OAG from performing its statutory duty to enforce and collect Chardaa's support order by issuing writs of withholding to Hughes's employers. *See* TEX. GOV'T CODE ANN. § 22.002(c); *In re C.D.E.*, 533 S.W.3d 367, 371–72 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding the trial court exceeded its authority by enjoining OAG from issuing further child support liens); *see also In re A.B., Jr.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas, 2008, no pet.) (holding the trial court acted without authority when it ordered OAG to send child support payments to a private company).

We determine whether an order constitutes an injunction based on its character and function. *Del Valle Indep. Sch. Dist. v. Lopez*, 846 S.W.2d 808, 809 (Tex. 1992) (citing *Brines v. McIlhaney*, 596 S.W.2d 519, 524 (Tex. 1980)). In this case, in addition to ordering the rescission of any writs already issued by the OAG, the trial court ordered "that no further wages be withheld in this cause or in OAG# 05568996921." We agree with the OAG that this portion of the order constitutes a prohibitive injunction as it restrains

7

the OAG from issuing future administrative writs of withholding. *See In re C.D.E.*, 533 S.W.3d at 372. We sustain the OAG's second issue.

A judgment rendered without subject matter jurisdiction is void. *Engelman Irrigation Dist. v. Shield Bros.*, 519 S.W.3d 642, 645 (Tex. App.—Corpus Christi–Edinburg 2015) (citing *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005)), *aff'd*, 514 S.W.3d 746 (Tex. 2017). However, a judgment that is only partially void does not render the entire judgment void. *Kendziorski v. Saunders*, 191 S.W.3d 395, 410 (Tex. App.—Austin 2006, no pet.). Therefore, we vacate the portion of the trial court's final order enjoining the OAG from issuing future administrative writs of withholding and dismiss that portion of the case for want of jurisdiction.

### III. CONCLUSION

We affirm in part and vacate and dismiss the case in part.

GREGORY T. PERKES
Justice

Delivered and filed the
17th day of October, 2019.

8