**In the Interest of C.J.M.S., a Child.**

**No. 05–07–01029–CV.**

Court of Appeals of Texas, Dallas.

Oct. 22, 2008.

Rehearing Overruled Nov. 25, 2008.

---

John B. Worley, Child Support Division, Michael D. Becker, Asst. Atty. Gen., Rande K. Herrell, Attorney General Office, Child Support Division, Austin, TX, for Appellant.

Robert T. O'Donnell, Garland, W.K. (Bo) Brown, McKinney, TX, Stephen D. Skinner, Stephen D. Skinner & Associates, P.C., Dallas, TX, Meleaha Stewart, Mesquite, for Appellees.

Before Justices MOSELEY, RICHTER, and FRANCIS.

## OPINION

Opinion by Justice MOSELEY..

In this appeal, we address whether the trial court has authority to order the Office of the Attorney General (OAG) to remit child support payments to a private entity, named "Guardian Ad Litem" (GAL), which the court had designated as a friend of the court to monitor, receive, disburse, and enforce child support obligations and to collect a fee out of those child support payments. Because we conclude the trial court lacked such power, we vacate those portions of the trial court's orders purporting to direct the OAG to remit the child support payments to GAL, and remand this case to the trial court for further proceedings not inconsistent with this opinion.

The OAG filed a suit affecting the parent-child relationship to establish the paternity of the child, C.J.M.S. In 2000, the trial court found Father was the father of C.J.M.S. and ordered him to pay $155.00 per month in child support. In 2006, the Department of Family and Protective Services filed a petition for appointment of a new managing conservator for C.J.M.S. and an order for the parents to pay child support. Mother relinquished managing conservatorship, and the other parties, except the OAG, entered a mediated settlement agreement on conservatorship and prospective child support.

After a hearing, the trial court entered an order appointing another couple as permanent managing conservators for the child and Mother and Father as possessory conservators. Both Father and Mother were ordered to pay monthly child support, with the amounts of such support withheld from their respective earnings. The order then states:

IT IS ORDERED that all payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. BOX 659791, San Antonio, Texas 78265–9791, and then remitted by that agency to Guardian Ad Litem/Friend of the Court or His Duly Qualified Successor in accordance with that certain Exhibit "Z" a copy of which is attached to this order and incorporated into this decree verbatim.

The Texas Child Support Distribution Unit (SDU) is a branch of the OAG. *See* Tex.

FAM.CODE ANN. §§ 101.0302, 101.032, 231.001 (Vernon 2002).

A few days later, the trial court signed orders for withholding of child support, requiring Mother's and Father's employers to remit the amounts withheld in the same manner as quoted above and in accordance with the attached Exhibit "Z."

Exhibit "Z" orders the payor to make child support payments payable to GAL and remit the payments to the SDU, which "is thereafter ORDERED to remit all child support payments to the: Guardian Ad Litem/Friend of the Court or His Duly Qualified Successor."

The OAG appeals these orders of the trial court. The only provisions of the orders at issue in this appeal relate to the commands to the OAG and SDU to remit the support payments to GAL. The remaining provisions of the orders are not contested or challenged. The OAG's second issue contends the district court's orders and Exhibit "Z" are void because they seek to require the officers of the executive departments of the government of this state to perform "a judicial, ministerial, or discretionary act or duty" and only the Texas Supreme Court has such authority under Texas law. *See* TEX. GOV'T CODE ANN. § 22.002(c) (Vernon 2004); *see also A & T Consultants, Inc. v. Sharp,* 904 S.W.2d 668, 672 (Tex.1995).

We recently addressed similar orders with the same Exhibit "Z" attached. *See In re A.B.,* 267 S.W.3d 564 (Tex.App.–Dallas 2008, no pet. h.). We concluded the trial court lacked jurisdiction to issue the orders because they amounted to "a writ of mandamus or injunction, or any other mandatory or compulsory writ or process" compelling "the performance of a judicial, ministerial, or discretionary act or duty" by an officer of the executive department of this state and only the supreme court has that power under the government

code. *Id.; see also,* TEX. GOV'T CODE ANN. § 22.002(c).

Here, as in *In re A.B.,* the trial court's orders read together command the OAG's SDU to remit all child support payments to GAL. This command is direct and mandatory and constitutes "a writ of mandamus or injunction, or any other mandatory or compulsory writ or process" as defined in government code section 22.002(c). *See Del Valle Indep. Sch. Dist. v. Lopez,* 845 S.W.2d 808, 809 (Tex.1992) (stating matters of form do not control nature of order; order requiring interim election of school board members was in effect temporary injunction even though writ of injunction not issued).

Accordingly, those portions of the trial court's orders and Exhibit "Z" ordering the OAG to remit all child support payments to GAL are void. *See In re A.B.,* 267 S.W.2d at 565. We sustain the OAG's second issue. We need not address the other issues. TEX.R.APP. P. 47.1. We vacate those portions of the trial court's orders and the Exhibit "Z" attached to them that purport to compel the SDU of the OAG to remit child support payments to GAL. We remand the case to the trial court for further proceedings not inconsistent with this opinion. TEX.R.APP. P. 43.3; *Scott v. Liebman,* 404 S.W.2d 288, 294 (Tex.1966); *In re S.E.W.,* 168 S.W.3d 875, 885–83, (Tex.App.–Dallas 2005, no pet.).