**Affirmed as Modified and Opinion filed November 3, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-15-00551-CV

---

## IN THE INTEREST OF H.G-J., A.G.-J., & K.G.-J., CHILDREN

---

### On Appeal from the 311th District Court
### Harris County, Texas
### Trial Court Cause No. 2004-28337

---

## O P I N I O N

The Office of the Attorney General of Texas (OAG) appeals from the trial court's final order in a suit to modify child support and possession. The OAG challenges (1) the portion of the trial court's order requiring the OAG to disburse child support funds in the OAG's possession to pay the appointed amicus attorney's fees and (2) the trial court's refusal to enter an enforceable judgment for child support arrearage. We modify the trial court's final order to remove the requirement that the OAG disburse funds to the amicus attorney and affirm the order as so modified.

## Background

In May 2004, the OAG initiated a suit affecting the parent-child relationship, requesting the court order the Father of minor children H.G.-J., A.G.-J. and K.G.-J. to pay ongoing and retroactive child support.[1]  The trial court entered an order which, among other things, appointed both parents as joint managing conservators, granted Mother the exclusive right to designate the children's primary residence, and ordered Father to pay child support.  In August 2013, Mother filed a motion for enforcement of possession and access, alleging Father failed to return the children when his period of visitation ended.  At that time, the trial court appointed an amicus attorney to represent the children's interests and "to investigate this case further for the court."  The court also orally denied Mother's writ of habeas corpus.

In October 2013, Father filed the present action to modify the parent-child relationship, seeking to be appointed the children's sole managing conservator with the right to receive child support.  The court again appointed the same amicus attorney.  On March 18, 2015, the OAG filed an "Original Answer," in which it entered a general denial as to Father's pleadings and stated that it "urges that the Court confirm any outstanding arrears, render a judgment and appropriate payout (sic)."  The OAG prayed for "all relief requested herein" as well as general relief.

Later the same day, the trial court held a hearing at which the OAG appeared and participated.  The hearing principally concerned issues regarding possession of and access to the children, but child support also was addressed.[2]  During the

---

[1] The Family Code authorizes the OAG, the state's designated Title IV–D agency, to enforce child support obligations and to collect and distribute support payments.  *See Office of the Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013) (citing Tex. Fam. Code §§ 231.001, 231.101(a)(5)-(6)).  *See generally In re Office of Attorney Gen.*, 422 S.W.3d 623, 627 & n.4 (Tex. 2013) (discussing goals of Title IV-D).

[2] According to the hearing transcript, the court at some point had rendered an order that terminated Father's child support obligation as of January 30, 2014.

2

hearing, the OAG briefly cross-examined Father regarding his child support arrearage and introduced a Financial Activity Report showing Father's child support payments and balance over time. Father testified that the children had been living with him since August 16, 2013, and he requested the court give him a "possession credit" against his child support obligation running from that date through the time of the hearing.

At the conclusion of the hearing, the judge orally pronounced judgment, in relevant part, ordering Mother to pay child support and awarding the amicus attorney $3,000 in fees, $1,500 to be paid by each parent. The judge further stated that the OAG would be required to disburse the child support funds it had on hold, purportedly $1,287.50, to pay towards Father's obligation for the amicus attorney's fees. The trial court's final order was in keeping with the oral rendition.[3] The court's order further stated that in accordance with the OAG's Financial Activity Report, Father had an arrearage in his child support obligation of $1,600.41, but the court did not order Father to pay the amount in arrearage.

The OAG subsequently filed a combined motion for reconsideration and motion for new trial, arguing, among other things, that the trial court did not have jurisdiction to order the OAG to disburse funds to the amicus attorney and complaining about the trial court's failure to enter a judgment on Father's child support arrearage. The OAG now raises five issues on appeal, asserting (1) the OAG was a party in the proceedings below; (2) under Texas Government Code section 22.002(c), the trial court lacked jurisdiction to order the OAG to disburse funds to the amicus attorney; (3) the trial court also lacked such jurisdiction

---

[3] At the conclusion of the hearing, the parties were unclear about the relief they were seeking. The trial judge encouraged the parties to reach an agreement regarding the funds "on hold" and other matters. In the absence of such an agreement, the trial court announced its intention as stated above.

pursuant to the separation of powers doctrine in the Texas Constitution; (4) even assuming the trial court had jurisdiction to do so, it abused its discretion in ordering the disbursement; and (5) the trial court erred in refusing to render an arrearage judgment.[4]

### *Disbursement to Amicus*

We begin by addressing the OAG's second issue, challenging the trial court's jurisdiction under Government Code section 22.022(c) to require the OAG to disburse collected child support funds to the amicus attorney.[5] That section provides:

> Only the supreme court has the authority to issue a writ of mandamus or injunction, or any other mandatory or compulsory writ or process, against any of the officers of the executive departments of the government of this state to order or compel the performance of a judicial, ministerial, or discretionary act or duty that, by state law, the officer or officers are authorized to perform.

Tex. Gov't Code §22.002(c). As the Texas Supreme Court has further explained,

---

[4] Father has filed a motion to dismiss the appeal, asserting that the issues raised herein have been rendered moot. Specifically, Father alleges that he received a check from the OAG for $1,287.50, the very amount the OAG was ordered to pay to the amicus attorney. Father attached to his motion an unsworn declaration and a copy of the check. Father, however, does not state whether he has forwarded the money he received to the amicus attorney.

The court ordered the OAG to disburse the funds to the amicus attorney, not Father. Father offers no argument or authority supporting his contention that the OAG's disbursement of the funds to a different party moots the question of whether the court had authority to order the funds disbursed to pay the amicus attorney's fees, and we are aware of no such argument or authority. Moreover, absent more information, the disbursement of funds to Father appears to have no bearing on the OAG's request for an arrearage judgment. Accordingly, we deny Father's motion to dismiss.

[5] As to the OAG's first issue, no one disputes that the OAG was a party in the proceedings below. In his appellee's brief, Father also asserts the OAG was a party. Moreover, no one objected to the OAG's appearance and participation at the hearing below. Regardless, the OAG's first issue does not complain of any ruling by the trial court. Accordingly, we do not sustain the issue.

4

"[a]ny exception to this rule would require express statutory authorization by the legislature naming district courts as the proper fora." *A & T Consultants, Inc. v. Sharp*, 904 S.W.2d 668, 672 (Tex. 1995); *see also In re C.D.E.*, No. 14–14–00086–CV, 2015 WL 452195, at *4 n.1 (Tex. App.—Houston [14th Dist.] January 27, 2015, no pet.).

The OAG's argument is essentially that the portion of the trial court's final order requiring the OAG to disburse funds to the amicus attorney constituted an injunction—a form of relief that only the Texas Supreme Court is authorized to impose against the OAG. Because the trial court lacked jurisdiction to compel disbursement, the OAG contends, that portion of the final order was void. We agree.

The Attorney General is an officer of the executive department as referenced in section 22.002(c). *See* Tex. Const. art. IV, § 1; *A & T Consultants*, 904 S.W.2d at 672; *In re C.D.E.*, 2015 WL 452195, at *4.[6] In determining whether the trial court's order was an injunction, we look at its character and function. *Qwest Commc'ns Corp. v. AT&T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000); *C.D.E.*, 2015 WL 452195, at *4. An injunction may be either prohibitive, forbidding particular conduct, or mandatory, requiring particular conduct. *C.D.E.*, 2015 WL 452195, at *4. The specific order at issue here instructed the OAG to disburse child support funds it was holding to the amicus attorney, i.e., it required particular conduct. The

---

[6] The dissent in *A & T Consultants* drew a distinction between *officers* of the executive departments, as referenced in section 22.002(c), and the executive departments themselves, although noting some uncertainty regarding who might qualify as an officer of an executive department. 904 S.W.2d at 684. The majority in *A & T Consultants* did not expressly recognize or address the distinction. *See id*. at 673 (noting comptroller himself was officer directed by the Open Records Act to comply with requests). In *C.D.E.*, we also did not expressly discuss the distinction but held that an order compelling and enjoining the OAG violated section 22.002(c). 2015 WL 452195, at *4. We follow our prior precedent. *See, e.g., Univ. of Tex. Health Sci. Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 644 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

5

order was therefore in the nature of a mandatory injunction. *See Qwest Commc'ns*, 24 S.W.3d at 336 (holding order requiring party provide notice and perform monitoring during construction activities was an injunction); *C.D.E.*, 2015 WL 452195, at \*4 (holding order requiring any funds levied from parent's bank accounts to be applied and credited against child support obligation as of a certain date was mandatory injunction).

Moreover, because the order compelled the OAG to distribute child support payments, "a judicial, ministerial, or discretionary act or duty that [it is] authorized to perform,"[7] the trial court lacked jurisdiction to issue the order. *See* Tex. Gov't Code § 22.002(c); *see also C.D.E.*, 2015 WL 452195, at \*5 (holding section 22.002(c) deprived trial court of jurisdiction to order levied funds to be applied and credited as of a certain date); *In re A.B.*, 267 S.W.3d 564, 565 (Tex. App.—Dallas 2008, no pet.) (holding section deprived trial court of jurisdiction to order the OAG to disburse child support payments to a private company appointed by the court); *In re C.J.M.S.*, 269 S.W.3d 206, 208 (Tex. App.—Dallas 2008, pet. denied) (same).

In his appellate brief, Father does not point to any statutory provision providing the trial court with authority to order the OAG to take funds, which were collected for disbursement to Mother for support of the children, and use them to pay the amicus attorney's fees. *See A & T Consultants*, 904 S.W.2d at 672 (explaining that any exception to section 22.022(c) requires express statutory authorization).[8] Instead, Father asserts that the trial court's authority to issue the

---

[7] *See supra* n.1.

[8] In holding that the trial courts in *C.D.E.*, *A.B.*, and *C.J.M.S.* lacked jurisdiction to compel the OAG in handling child support funds, our court and the Dallas Court of Appeals clearly rejected the possibility that the authority granted to district courts in the Family Code might contain an exception to section 22.002(c) in child support matters. *See A & T Consultants*, 904 S.W.2d at 672; *C.D.E.*, 2015 WL 452195, at \*5; *A.B.*, 267 S.W.3d at 565; *C.J.M.S.*, 269

6

order stemmed from the court's inherent powers, citing *Burttschell v. Sheppard*, 123 Tex. 113, 69 S.W.2d 402, 403 (1934) (discussing inherent powers of courts, including "to maintain order, to secure the attendance of witnesses to the end that the rights of parties may be ascertained, and to enforce process to the end that effect may be given to judgments") (quoting *Hale v. State*, 55 Ohio St. 210, 45 N.E. 199, 200 (1896)). Father, however, does not explain how the trial court's inherent powers authorized it to issue an order that section 22.002(c) forbids it from issuing.

We considered and rejected a similar proposition in *C.D.E.* In that case, we acknowledged and distinguished our prior holding in *In re Office of the Attorney General of Texas*, No. 14–08–00665–CV, 2008 WL 3833785 (Tex. App.— Houston [14th Dist.] August 19, 2008, orig. proceeding) (mem. op.). 2015 WL 452195, at *5. In *Office of the Attorney General*, the OAG obtained a default judgment against a child support obligor and then issued a lien notice to the obligor's bank based on the default judgment. 2008 WL 3833785, at *1. When the trial court set aside the default judgment due to faulty service of process, the court further ordered the OAG to extinguish the lien. *Id*. We held the trial court's order was not a writ of mandamus prohibited by section 22.002(c), explaining that the trial court had inherent authority under Texas Rule of Civil Procedure 329b(f) to set aside the default judgment and order a new trial. *Id*. at 3-4. In *C.D.E.*, we further explained that the court's authority to order release of the lien in *Office of the Attorney General* "flowed from its authority to set aside the improper default judgment, which necessarily extinguished the judgment on which the OAG's lien was based." 2015 WL 452195, at *5 (citing *Office of the Attorney Gen.*, 2008 WL 3833785, at *3-4).

---

S.W.3d at 208. Again, we follow our prior precedent. *See, e.g., Crowder*, 349 S.W.3d at 644.

Here, the order at issue was a prohibited injunction and did not flow necessarily from the trial court's inherent power over its own judgments. The trial court ordered the OAG to disburse funds to pay the amicus attorney's fees that were neither collected nor held for that purpose. The OAG's authority to collect and distribute child support is statutorily derived. *See* Tex. Fam. Code §§ 231.001, 231.101(a)(5)-(6); *Office of the Attorney Gen. of Tex. v. Scholer*, 403 S.W.3d 859, 862 (Tex. 2013). Government Code section 22.002(c) deprived the trial court of jurisdiction to compel the OAG to disburse child support funds to the amicus attorney. *See C.D.E.*, 2015 WL 452195, at *5; *A.B.*, 267 S.W.3d at 565; *C.J.M.S.*, 269 S.W.3d at 208.[9] Accordingly, we sustain the OAG's second issue and modify the trial court's final order to remove the portion compelling the OAG to disburse child support funds to the amicus attorney.[10]

### *Arrearage Judgment*

In its fifth issue, the OAG contends that the trial court erred in refusing to enter an arrearage judgment for child support amounts due and owing from Father. In its final judgment, the trial court stated that "[t]he court further finds that in accordance with the Office of the Attorney General's pay record, that was introduced into evidence, that the child support arrearage was $1,600.41." The court, however, did not order Father to pay the amount in arrearage.

In support of its contention that the trial court should have entered an arrearage judgment, the OAG relies on Texas Family Code section 157.263(a), which states that "[i]f a motion for enforcement of child support requests a money judgment for arrearages, the court shall confirm the amount of arrearages and

---

[9] The trial court, of course, retains authority under the Family Code to determine the amount of child support owed. *See C.D.E.*, 2015 WL 452195, at *5-6.

[10] Because we sustain the OAG's second issue, we need not address its third or fourth issues, which challenge the same provision in the trial court's final order.

render one cumulative money judgment." Tex. Fam. Code § 157.263(a). The OAG maintains that this section "imposes an affirmative, mandatory duty on the trial court to reduce a child support arrearage to a money judgment upon request," quoting *In re L.L.E.*, No. 01-02-00162-CV, 2003 WL 21029189, at *2 (Tex. App.—Houston [1st Dist.] May 8, 2003, no pet.) (mem. op.).

However, even assuming section 157.263(a) imposes a mandatory duty, it expressly does so only when the proceedings involve a motion for enforcement. The proceedings here began when Father filed a motion to modify the parent-child relationship. Neither Father's pleadings nor Mother's pleadings sought enforcement. As set forth above, the OAG filed only an answer, in which it generally denied the allegations in Father's pleadings and stated that "[t]he OAG urges that the Court confirm any outstanding arrears, render a judgment and appropriate payout." It is well-settled that motions for enforcement must comply with certain mandatory requirements, including, for motions to enforce child support obligations, the following:

### § 157.002. Contents of Motion

(a) A motion for enforcement must, in ordinary and concise language:

(1) identify the provision of the order allegedly violated and sought to be enforced;

(2) state the manner of the respondent's alleged noncompliance;

(3) state the relief requested by the movant; and

(4) contain the signature of the movant or the movant's attorney.

(b) A motion for enforcement of child support:

(1) must include the amount owed as provided in the order, the amount paid, and the amount of arrearages;

. . . .

(3) may include as an attachment a copy of a record of child

9

support payments maintained by the Title IV-D registry or a local registry . . . .

Tex. Fam. Code § 157.002.

The OAG's pleading does not contain the required allegations to constitute a motion for enforcement. To begin with, it does not actually allege that Father failed to pay any child support obligation; it merely "urges that the Court confirm any outstanding arrears." *See id*. § 157.002(a)(1), (2). In other words, instead of alleging noncompliance, as required in a motion for enforcement, the OAG simply requested the court determine whether there was any noncompliance. Moreover, the OAG's answer does not "include the amount owed as provided in the order, the amount paid, and the amount of arrearages" as required by section 157.002(b)(1). Although the OAG introduced a Financial Activity Report into evidence during the hearing, it did not attach this document to its pleading as permitted under section 157.002(b)(3).

The purpose of a motion for enforcement is to provide notice of the allegations for which the opposing party must prepare a defense at the hearing on the motion. *See In re Hall*, No. 14–15–00895–CV, 2015 WL 7456102, at *2 (Tex. App.—Houston [14th Dist.] Nov. 24, 2015, orig. proc.) (per curiam) (mem. op.); *In re Depeau*, No. 14–14–00693–CV, 2014 WL 4952427, at *4 (Tex. App.—Houston [14th Dist.] Oct. 2, 2014, orig. proc.) (per curiam) (mem. op.). The OAG's answer did not provide Father with proper notice of any allegations of noncompliance; accordingly, the trial court was not required to enter an arrearage judgment under Family Code section 157.263(a). *See, e.g., In re Depeau*, 2014 WL 4952427, at *4 (holding some allegations in motion to enforce did not comply with requirements of section 157.002 and therefore could not be basis for trial court's order); *In re Luebe*, 404 S.W.3d 589, 593-95 (Tex. App.—Houston [1st Dist.] 2010, orig. proc.)

10

(holding motion provided sufficient notice when it identified the provisions claimed to have been violated, specified the manner of noncompliance, detailed the amount of alleged arrearage, and expressly sought enforcement); *Ex Parte Barlow*, 899 S.W.2d 791, 794-95 (Tex. App.—Houston [14th Dist.] 1995, orig. proc.) (holding motion to enforce did not comply with requirements of predecessor statute to section 157.002). We overrule the OAG's fifth issue.

## *Conclusion*

Because the trial court lacked jurisdiction to order the OAG to disburse child support funds to pay the amicus attorney's fees, we modify the trial court's final order to remove the portion compelling the OAG to disburse child support funds to the amicus attorney and providing a credit to Father for the amount to be disbursed. Finding no other error in the final order, we affirm the final order as so modified.

/s/ Martha Hill Jamison
    Justice

Panel consists of Justices Boyce, Christopher, and Jamison.

11