**Affirm and Opinion Filed January 26, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00745-CV**

**IN THE INTEREST OF J.L.B., A CHILD**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-54975-2014**

## MEMORANDUM OPINION

Before Justices Reichek, Nowell, and Carlyle
Opinion by Justice Nowell

Victor Eavenson filed a petition to modify the parent-child relationship. After hearing testimony from Eavenson and Kathryn Baker, the respondent, the trial court granted the requested modification. Baker appeals. In three issues, Baker argues the trial court abused its discretion by failing to find Eavenson waived his claim for modification, by determining there was a material and substantial change in circumstances warranting a modification, and by failing to award interest and attorney's fees in connection with a child support arrearage. We affirm the trial court's July 16, 2020 Order in Suit to Modify Parent-Child Relationship.

BACKGROUND

Baker is the child's sole managing conservator with the exclusive right to designate the child's primary residence. On September 11, 2015, the trial court entered an Order in Suit to Modify Parent-Child Relationship.[1] The order required, among other things, that Eavenson pay a set monthly amount in child support and a variable amount for other expenses associated with the child, including:

- Fifty percent of tutoring expenses;

- Fifty percent of extracurricular activities;

- Fifty percent of camp fees or camp-related expenses; and

- Fifty percent of child-care and day-care expenses.

In December 2015, Baker and the child moved to Colorado. On March 8, 2016, Eavenson filed a petition to modify the parent-child relationship and asserted Baker's move caused him to incur additional expenses associated with visitation; he requested those costs be allocated in a fair and equitable manner. He also sought modification of his child support obligation, which he asserted was excessive based on his income.

The parties entered into a Rule 11 Agreement on April 12, 2016, in which they agreed to, among other things, non-suit their respective pending petitions.[2] Eavenson

---

[1] The original order between Baker and Eavenson is not included in our record. The oldest order in the appellate clerk's record is the September 2015 Order in Suit to Modify Parent-Child Relationship.

[2] Our record does not include a counterpetition filed by Baker in 2016. However, the Rule 11 Agreement, which is in our record, states the parties agreed to nonsuit their respective petitions.

filed his notice of nonsuit, and the trial court dismissed the case without prejudice. The Rule 11 Agreement also stated the September 11, 2015 order would remain in effect except as otherwise provided, there would be no change to the child support provisions, and there would be no change to the conservatorship provision. The only changes agreed to in the Rule 11 Agreement related to visitation scheduling and expenses. Pursuant to the terms of the Rule 11 Agreement, the parties filed an agreed motion to modify, and on July 15, 2016, the trial court entered an Agreed Order in Suit to Modify Parent-Child Relationship. The July 15 order is consistent with the terms of the Rule 11 Agreement and, with respect to visitation, states that all of Eavenson's visitation periods would be supervised by Baker or her designated individual,[3] sets forth Eavenson's visitation schedule, including for electronic visitation via Skype; and explains how the parties would divide Eavenson's travel expenses associated with visitation.

On November 30, 2018, Eavenson filed a new Petition to Modify Parent-Child Relationship; this appeal arises from the November 30 petition. Eavenson pleaded: "The order to be modified is entitled order in SUIT TO MODIFY PARENT-CHILD RELATIONSHIP and was rendered on September 11, 2015." His petition further states: "It has been three years since the order to be modified was rendered. Petitioner

---

[3] Eavenson testified he does not have a criminal or CPS history. When asked by the trial court why he agreed to supervised visits, Eavenson testified: "It seemed like my interaction with our daughter was better with [Baker] not around, and so that's one of the reasons. The second reason is, there is [sic] some things about parenting that I can still learn and that would require someone there to offer assistance and suggestions." The record contains no contradictory evidence.

would show that he was ordered to pay current child support as well as additional child support in the form of child care costs and extracurricular expenses. Petitioner requests that the Court clarify the prior order and set child support according to Petitioner's income." He pleaded the change to Baker's residence caused him to incur increased costs to exercise his periods of possession, and he requested the increased costs be allocated in a fair and equitable manner. Baker filed a counterpetition purportedly asserting a claim for promissory estoppel. In her counterpetition, Baker stated that the trial court had continuing, exclusive jurisdiction of the suit as it related to modification of the child support order, but child custody jurisdiction was proper in Colorado. Baker also filed an answer in which she pleaded waiver as an affirmative defense.

Before the trial court considered the instant case, a Colorado trial court entered an "Order: Stipulation to Modification of Parenting Time" on March 27, 2019. The March 27 Colorado order states that Kelly Garcia-Brauch, LPC shall supervise Eavenson's parenting time and Eavenson shall pay all expenses associated with supervised visitation. The order further describes the parameters of Eavenson's parenting time, including Skype calls. The order states: "Respondent [Eavenson] shall not reduce his child support obligations due each month for costs associated with the child, including but not limited to the costs for Skype contact and costs of visitation."

On May 5, 2020, the trial court considered Eavenson's November 30, 2018 petition. Eavenson and Baker testified at the hearing.

Eavenson lives in Dallas where he works full time at Central Market and part time for RGIS, an inventory company. At the time of trial, he was furloughed from RGIS because of the COVID-19 pandemic, and he hoped he would be recalled. He shared a two-bedroom apartment with several family members. The monthly support payment withheld from his paychecks was $705.50. Additionally, Baker provided a spreadsheet each month reflecting additional expenses associated with the child that Eavenson must pay. Neither Eavenson nor Baker could approximate the average of these additional expenses month-over-month. Eavenson testified the amount ranged from $500 to $1,200 per month; Baker testified: "[i]t varies significantly" and "it varies just so wildly." Eavenson asked the trial court to order a flat dollar amount that he would owe each month rather than the two-part amount of withheld child support (fixed) plus the child's monthly expenses (variable).

Eavenson testified he could not afford to travel to Colorado to see the child. Additionally, because Skype calls were supervised by Kelly Garcia-Brauch, the cost for each Skype call was $65,[4] which he also could not afford.

When asked about the Colorado order stating that he would not reduce his support obligation, Eavenson explained what he thought he was agreeing to: "we

---

[4] Brauch charged $65 to supervise a 15-minute Skype call between Eavenson and the child and to provide 15 minutes of parenting advice to Eavenson afterward.

had a mediator . . . and we talked about that one line . . . she made it clear that I can't withhold Skype money when I - - that money should go to [Baker]. And so I agreed to that. So I couldn't withhold money that was meant for [Baker] for other expenses and instead use it to Skype with [the child]." With respect to the same provision, Baker testified she understood Eavenson was going to nonsuit the instant case and not seek to change his financial support obligations.

Baker testified Eavenson was behind on child support by $625.99 plus interest; she charges 6 percent interest.

On July 16, 2020, the trial court entered an order stating "there has been a material and substantial change of circumstances in that the child has increased in age since the rendition of the prior order. The Court further finds that the material allegations in the petition to modify are true and the modification is in the best interest of the child." Accordingly, the trial court ordered Eavenson pay support of $800.00 on May 1, 2020. Thereafter, beginning on June 1, 2020, the order requires Eavenson to pay child support of $875.00 per month. The court found a support arrearages of $625.00 as of May 5, 2020, and ordered Eavenson to pay $25.00 each month until the arrearage is paid in full. The order states that each party shall bear its own attorney's fees and costs of court.

## 1. Standard of Review

The trial court has broad discretion to set or modify child support. *In re K.M.B.*, 606 S.W.3d 889, 894 (Tex. App.—Dallas 2020, no pet.). We will not disturb a trial court's ruling on a support order absent a clear abuse of discretion. *Id.* The trial court abuses its discretion if it acts in an arbitrary and unreasonable manner or without reference to any guiding principles. *Id.* Under this standard, the legal and factual sufficiency of the evidence are relevant factors but are not considered as independent grounds of error. *Id.* We review the evidence in the light most favorable to, and indulge every legal presumption in favor of, the trial court's ruling. *Id.* If some evidence of a substantial and probative character supports the trial court's decision, there is no abuse of discretion. *Id.*

In making our review, we recognize the trial court is in the best position to observe and assess the witnesses' demeanor and credibility. *In re C.M.C.*, No. 05-15-01359-CV, 2016 WL 7166415, at *4 (Tex. App.—Dallas Nov. 9, 2016, no pet.) (mem. op.). Consequently, we defer to the trial court's resolution of underlying facts and to credibility determinations that may have affected its determination, and we will not substitute our judgment for the trial court's. *Id.*

## 2. Waiver

In her first issue, Baker argues the trial court abused its discretion by failing to find Eavenson waived his claim for modification. Baker asserts that Eavenson's

–7–

2016 suit requesting modification shows he knew he had a right to seek modification based on her move to Colorado and based on his income, but he relinquished that right when he nonsuited the 2016 petition, entered into the Rule 11 Agreement, filed an agreed motion to modify, and agreed to the 2019 Colorado order stating he would not reduce his support obligation.

Waiver is defined as "an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 334 (Tex. 2020). Waiver is a question of intent, examining whether a party's conduct, in light of the surrounding facts and circumstances, is "unequivocally inconsistent with claiming that right." *Id.* at 334-35. The question here, then, is whether Eavenson intended the 2016 nonsuit or the Colorado order to relinquish his right to seek modification of his child support obligation.

"It is the policy of this state to encourage the peaceable resolution of disputes, with special consideration given to disputes involving the parent-child relationship, . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 154.002. Baker and Eavenson did just that when they resolved the 2016 dispute between them. The trial court then entered an order dismissing Eavenson's suit without prejudice to refile it, which was not an adjudication of Eavenson's rights. *See Norguard Ins. Co. v. A.N.D. Home Healthcare, LLC*, No. 05-20-00160-CV, 2021 WL 1015859, at *2 (Tex. App.— Dallas Mar. 17, 2021, no pet.) (dismissal without prejudice is not adjudication of

–8–

parties' rights). Instead, the dismissal merely placed Eavenson in the position he was in before he filed the petition. *See id.* We cannot say, then, that the trial court clearly abused its discretion by concluding that Eavenson's agreement to dismiss his 2016 petition was an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right because the resolution of that suit left him in the same position he was in before it was filed. *See Teal Trading & Dev., LP*, 593 S.W.3d at 334.

The same is true with respect to the Colorado court's order. The order is titled "Order: Stipulation to Modification of **Parenting Time**."[5] (Emphasis added). The entire order addresses parenting time, except for one sentence that states Eavenson "shall not reduce his child support obligations due each month for costs associated with the child, including but not limited to the costs for Skype contact and costs of visitation." The clear purposes of the order relate to parenting time and do not relate to support obligations. Eavenson testified about his understanding of the support-related provision, which was that he could not withhold child support money owed to Baker in order to pay for Skype calls with the child (parenting time); he did not understand the provision to bar him from seeking to reduce his support obligation. The trial court judged his credibility and chose to believe his testimony. Reviewing the evidence in the light most favorable to the trial court's ruling, we conclude the

---

[5] Notably, the instant suit was pending when the Colorado order was entered, yet the Colorado order does not state the parties agreed to dismiss or otherwise resolve this suit.

trial court did not clearly abuse its broad discretion by concluding the Colorado order does not reflect Eavenson's intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *See Teal Trading & Dev., LP*, 593 S.W.3d at 334.

We overrule Baker's first issue.

### 3. Material and Substantial Change in Circumstances

In her second issue, Baker argues the trial court abused its discretion by determining there was a material and substantial change of circumstances warranting a modification of the amount of Eavenson's child support obligations. As applicable here, the court may modify the order that provides for the support of a child "only if the circumstances of the child or a person affected by the order have materially and substantially changed since the date of the order's rendition." TEX. FAM. CODE ANN. § 156.401 (a-1).

The 2015 order was entered when the child was less than one year old and Baker lived in Texas. At the time of trial, the child was in kindergarten in public school, attended private before and after-school care, and went to swimming lessons. Baker had moved to Colorado where she needed extensive childcare help so that she could work multiple jobs; and Eavenson paid half of the cost of additional childcare.[6]

---

[6] Baker testified the father of one of her other children did not pay child support. As a result, Baker needed to work multiple jobs and required child care for both young children while she worked. The trial court noted several times that Eavenson was bearing additional child care costs resulting from Baker working additional jobs, which was caused by another child's father not paying support.

–10–

Baker argues Eavenson testified that her move to Colorado was under consideration before the 2015 order was entered, and thus could not be considered as a changed circumstance. Eavenson's testimony shows that before Baker moved, Baker contemplated spending time in Colorado to care for her infirmed parent and taking the child with her. From this testimony, the trial court could have concluded Eavenson did not contemplate Baker would move permanently and he would incur additional expenses to visit the child indefinitely. The expenses of traveling to Colorado and having supervised Skype calls arose after the 2015 order was entered.

Reviewing the evidence in the light most favorable to the trial court's ruling, we conclude the trial court did not clearly abuse its broad discretion by determining there was a material and substantial change of circumstances warranting a modification of the amount of Eavenson's child support obligations. *See In re K.M.B.*, 606 S.W.3d at 894. We overrule Baker's second issue.

### 4. Interest and Attorney's Fees on Child Support Arrearage

In her third issue, Baker argues the trial court abused its discretion by failing to award interest and attorney's fees in connection with the child support arrearage judgment granted against Eavenson. In support of her argument, Baker relies on section 157.263 of the Texas Family Code, which states: "*If a motion for enforcement of child support* requests a money judgment for arrearages, the court shall confirm the amount of arrearages and render cumulative money judgments . . ." TEX. FAM. CODE ANN. § 157.263(a) (emphasis added). A cumulative money

judgment includes the unpaid child support and interest on the child support arrearages. *See id.* § 157.263(b). Baker argues the code requires the trial court to award interest.

Assuming section 157.263 imposes a mandatory duty to award interest, "it expressly does so only when the proceedings involve a motion for enforcement." *In Interest of H.G-J.*, 503 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2016, no pet.). A motion for enforcement must comply with certain mandatory requirements. *See* TEX. FAM. CODE ANN. § 157.002 ("Contents of Motion"). While Baker's brief states she filed a motion to confirm child support arrearages and that the trial court considered that motion on May 5, 2020, her motion, if any, is not in our record and is not discussed in the transcript of the hearing. *See Taylor v. Wells Fargo Bank*, No. 05-16-00115-CV, 2017 WL 1282896, at *2 (Tex. App.—Dallas Apr. 6, 2017, no pet.) (mem. op.) (appellant bears the burden to bring forth a sufficient record to show error by the trial court). Based on this record, we cannot determine whether Baker filed a motion for enforcement or whether any such motion complied with the statute. Accordingly, we cannot conclude section 157.263 was implicated or the trial court was required to order Eavenson to pay interest on the arrearages.

The same problem arises with respect to attorney's fees. In enforcement suits, section 157.167 generally requires a trial court to award reasonable attorney's fees if it finds that a respondent either failed to make child support payments or failed to comply with the terms of an order providing for possession of or access to a child.

TEX. FAM. CODE ANN. § 157.167; *see also Tucker v. Thomas*, 419 S.W.3d 292, 296 (Tex. 2013). However, the record does not show Baker filed an enforcement action. Accordingly, we cannot conclude the trial court abused its discretion by failing to award attorney's fees to her.

We overrule Baker's third issue.

CONCLUSION

We affirm the trial court's July 16, 2020 Order in the Suit to Modify Parent-Child Relationship.

/Erin A. Nowell//

200745f.p05

ERIN A. NOWELL
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF J.L.B., A CHILD

No. 05-20-00745-CV

On Appeal from the 296th Judicial District Court, Collin County, Texas Trial Court Cause No. 296-54975-2014.
Opinion delivered by Justice Nowell. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's July 16, 2020 Order in Suit to Modify Parent-Child Relationship.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 26th day of January, 2022.