

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00202-CV

**IN RE** Allen **SPROUL,** Relator

Original Proceeding[1]

Opinion by:    Liza A. Rodriguez

Sitting:        Patricia O. Alvarez, Justice
                Irene Rios, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June 20, 2024

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On March 21, 2024, relator Allen Sproul ("Father") filed a petition for writ of mandamus. In the petition, relator asserts that the trial court abused its discretion when it granted a motion to compel filed by Lorine Lagatta ("Mother"), the real party in interest. We agree and conditionally grant relator's petition for writ of mandamus.

## BACKGROUND

Father and Mother are the parents of a minor child ("E.S."). Following their divorce in 2013, Father and Mother entered into a series of agreed orders modifying the terms of their parenting plan for E.S., with the most recent entered on June 23, 2023 (the "2023 Order").

---

[1] This proceeding arises out of the 37th Judicial District Court of Bexar County, Texas, styled *Lorine Lagatta v. Allen Sproul*, the Honorable Nicole Garza presiding.

On January 22, 2024, Mother filed a "Motion to Compel" which referenced the 2023 Order and then requested the following relief from the trial court:

1. Order ALLEN SPROUL to immediately re-enroll the child in the YES Waiver Program;

2. Order the child's medication regime to be reviewed by an independent psychiatrist; and

3. Order ALLEN SPROUL meet with the child's court appointed counselor, Giselle Alvarez.

On January 23, 2024, Father filed a special appearance and a plea to the jurisdiction asserting that the trial court lacked personal jurisdiction over him because he had not been personally served with any citation or pleading. In support, Father argued that, if the motion to compel amounted to an enforcement action, Mother had not met the pleading or notice standards under Chapter 157 of the Texas Family Code, and if the motion to compel amounted to a request to modify under Chapter 156 of the Texas Family Code, no citation had been issued and he had not been personally served.

On February 2, 2024, the trial court heard Lagatta's motion to compel and Sproul's special appearance and plea to the jurisdiction. During the hearing, Lagatta argued that there was no need to comply with the formalities of Chapter 157 because the court has the authority to compel compliance with an existing order.

> The court has authority to hear this, because there is a prior order in place, and I'm not required to walk through 157. Now if what [Sproul's counsel] would like is for a 157 enforcement to be filed and her client served, and we seek to hold them in correct contempt for violation of the court order, she may get that desire.

She also argued that, because the motion to compel only sought to enforce prior orders, Lagatta was not seeking a modification that would require her to comply with Chapter 156.

Father, however, maintained that, because none of the requested relief sought enforcement of a prior order, the motion to compel was seeking modification and needed to comply with

Chapter 156's notice and service requirements. He also argued that, even if the court viewed Mother's requested relief as merely the enforcement of a prior order, Mother's failure to personally serve him with the motion, as required under Chapter 157, meant that the trial court had not acquired personal jurisdiction over him.

During the hearing, the trial court denied Sproul's plea to the jurisdiction. The court then refused to compel Father to re-enroll E.S. in the YES Waiver program because Father was not obligated under the prior order to keep E.S. enrolled in that program. However, the trial court did compel that E.S. would continue to see therapist Giselle Alvarez.[2]

> I've looked at the orders, and I don't believe that there was an order that specifically had this child enrolled in a Texas Yes Waiver program, so I'm denying that, but the court will compel at least for now, until you can get into mediation, the child to see the therapist that is contained in the order that was provided to me, which was that specifically that the treatment plan that Ms. Alvarez had, would be complied with.

On March 21, 2024, Sproul filed a petition for writ of mandamus.[3]

---

[2] We note that this was not the relief requested in the motion to compel, which was that Father himself meet with Ms. Alvarez. Additionally, the trial court did not address the third request in the motion to compel to order that the child's medication regime be reviewed by an independent psychiatrist.

[3] On May 21, 2024, this court requested responses. Respondent did not file a response. Mother filed a response that did not address the merits of the case but asserted that there was no longer a justiciable controversy because a new agreed order removed the obligation to continue child's treatment with Ms. Alvarez. We disagree. Mother's motion to compel contains a request for attorneys fees that is still pending. "[A] pending attorney's fee claim may in some circumstances preserve a live controversy with respect to an otherwise-moot cause of action." *Gattis v. Duty*, 349 S.W.3d 193, 202 (Tex. App.—Austin 2011, no pet.) (citing *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642–43 (Tex. 2005)). "Whether an attorney's-fees claim breathes life into an otherwise moot appeal depends first on whether the claimant seeks the fees under a statute that authorizes fees only for a prevailing party or, alternatively, under a statute that permits fees based on equitable principles regardless of who prevails. If the statute allows a non-prevailing party to recover fees under equitable principles, the claim for fees always breathes life into a case that has otherwise become moot, because the trial court must always consider the relative merits of the parties' positions (among other factors) when exercising its discretion to award fees to either party." *In re E.A.C.*, 665 S.W.3d 763, 768 (Tex. App.— San Antonio 2023, no pet.) (quoting *State ex rel. Best v. Harper*, 562 S.W.3d 1, 7 (Tex. 2018)). Here, the applicable provision, section 106.002, is not a prevailing party statute. *See Lenz v. Lenz*, 79 S.W.3d 10, 21 (Tex. 2002) ("An attorney's fees award in a suit affecting the parent-child relationship is discretionary with the trial court."); *In re R.H.H.*, No. 04-09-00325-CV, 2010 WL 2842905, at *7 (Tex. App.—San Antonio July 21, 2010, no pet.) (mem. op.) ("It is within the trial court's sound discretion to award reasonable attorney's fees in a suit affecting the parent-child relationship.") (citations omitted). Accordingly, Mother's pending claim for fees presents a justiciable controversy. And, if the trial court views the motion to compel as a motion for enforcement, it might believe that Father is subject to contempt or another enforcement remedy, such as an award of costs and fees, as authorized under Section 157.162 of the Texas Family Code. *See* TEX. FAM. CODE ANN. § 157.162. "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex.

## LEGAL STANDARD

Mandamus issues only to correct a clear abuse of discretion or a violation of a duty imposed by law when there is no other adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). "Absent an extraordinary situation, mandamus will not issue to correct a trial court's denial of a plea to the jurisdiction, as an appeal will generally be an adequate remedy." *In re Occidental W. Texas Overthrust, Inc.*, 626 S.W.3d 395, 399 (Tex. App.—San Antonio 2021, orig. proceeding) (citations omitted).

However, "[m]andamus relief is appropriate when a trial court issues an order after its plenary power has expired because the order is void." *In re Davila*, 510 S.W.3d 455, 457–58 (Tex. App.—San Antonio 2013, orig. proceeding (citing *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68–69 (Tex. 2008) (orig. proceeding); *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig. proceeding)). *See also In re Vlasak*, 141 S.W.3d 233, 235 (Tex. App.—San Antonio 2004, orig. proceeding) ("However, when an order of the trial court is void, mandamus relief is available regardless of whether there is an adequate remedy by appeal.") (citing *Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex. 1973) (original proceeding)).

"A trial court retains plenary jurisdiction over a case for thirty days after its judgment becomes final." *In re Lucas*, No. 04-13-00114-CV, 2013 WL 1349178, at *2 (Tex. App.—San Antonio Apr. 3, 2013, orig. proceeding) (mem. op.) (citing TEX. R. CIV. P. 329b(d); *Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 311–12 (Tex. 2000)). "Once a trial court loses plenary jurisdiction over its judgment, it becomes final and any modification to the judgment will be set aside as void." *Goodyear Dunlop Tires N. Am., Ltd. v. Gamez*, 151 S.W.3d 574, 593 (Tex. App.—San Antonio 2004, no pet.) (citing *Times Herald Printing Co. v. Jones*, 730 S.W.2d 648,

---

2012). Given Mother's pending claim for fees, Father's challenge to the trial court's jurisdiction can still affect the parties' rights and interests. Accordingly, a justiciable controversy exists.

649 (Tex. 1987) (per curiam)). *See also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.").

## ANALYSIS

As a threshold matter, we conclude that the trial court's plenary power expired on July 23, 2023—thirty days after the agreed 2023 Order was signed. Accordingly, the trial court had no authority to hear and grant a "motion to compel."

However, "[w]e look to the substance of a plea for relief to determine the nature of the pleading, not merely at the form of the title given to it." *Texas Med. Res., LLP v. Molina Healthcare of Texas, Inc.*, 659 S.W.3d 424, 441 (Tex. 2023) (quoting *State Bar of Tex. v. Heard*, 603 S.W.2d 829, 833 (Tex. 1980)). *See also Oscar Renda Contracting, Inc. v. Bruce*, No. 22-0889, 2024 WL 1945099, at *4 (Tex. May 3, 2024) ("[O]ur Court has consistently held that we examine the substance of a motion or pleading rather than requiring the formality of a title or reference to a specific rule to determine whether an issue was properly before the trial court.") (citations omitted).

Because Mother's motion to compel references the 2023 Order as a prelude to requesting relief, it could be seen as a motion to enforce under Chapter 157 of the Texas Family Code or a motion to modify under Chapter 156 of the Family Code. However, there are problems with both approaches that preclude the relief awarded by the trial court.

Chapter 157 of the Texas Family Code presents a statutory exception to the trial court's loss of plenary power, as it permits motions "to enforce any provision of a temporary or final order rendered in a suit . . . in the court of continuing, exclusive jurisdiction." TEX. FAM. CODE. ANN. § 157.001(a), (d). However, there is a "statutory framework for utilizing this power as a mechanism to enforce child support orders and other final orders in family court proceedings." *In re Off. of Atty. Gen.*, 422 S.W.3d 623, 627 (Tex. 2013). A motion for enforcement must, in ordinary and concise language identify the provision of the order sought to be enforced and state the manner of

the alleged noncompliance. TEX. FAM. CODE ANN.§ 157.002(a)(1)-(2). "The purpose of a motion for enforcement is to provide notice of the allegations for which the opposing party must prepare a defense at the hearing on the motion." *Int. of A.V.T.*, No. 04-19-00544-CV, 2021 WL 1199054, at *2 (Tex. App.—San Antonio Mar. 31, 2021, no pet.) (citing *In Int. of H.G-J.*, 503 S.W.3d 679, 685 (Tex. App.—Houston [14th Dist.] 2016, no pet.)).

It is undisputed that Mother's motion does not contain the required allegations to constitute a motion for enforcement. Noticeably absent from Mother's motion are provisions of the 2023 Order Mother sought to enforce or allegations that Father failed to comply with any provision of the 2023 Order. Additionally, Mother failed to comply with the notice and service provision of Chapter 157, which requires "personal service of a copy of the motion and notice not later than the 10th day before the date of the hearing." *Id*. § 157.062(c). Because Mother failed to have Father served personally, and because Mother's motion contained no allegations that Father failed to comply with the 2023 Order, it would be an abuse of discretion to award relief under Chapter 157.

It would also have been an abuse of discretion to award relief under Chapter 157 because Mother's motion sought to *modify* the 2023 Order. "If a motion for enforcement of an order in a suit affecting the parent-child relationship is joined with another claim, the motion becomes a new suit." *Rose v. Rose*, 117 S.W.3d 84, 88 (Tex. App.—Waco 2003, no pet.) (citing TEX. FAM. CODE ANN. § 157.062(d)). "[A] movant may join a motion for enforcement with 'any claim or remedy' provided for in suits affecting the parent-child relationship 'or other rules of law.'" *Id*. (quoting TEX. FAM. CODE ANN. § 157.003(a)). Thus, Section 157.003 "liberally provides for joinder of claims in a suit affecting the parent-child relationship." *Barrientos v. Nava*, 94 S.W.3d 270, 277 (Tex. App.—Houston [14th Dist.] 2002, no pet.).

We agree with the trial court's express ruling that there was no existing order that E.S. be enrolled in the YES Waiver Program and the trial court's implied ruling that there was no existing

order for "the child's medication regime to be reviewed by an independent psychiatrist."[4] Because these requests amounted to a motion to modify, seeking these remedies would have converted a motion for enforcement into a new suit. It is undisputed that Mother did not serve Father with notice and citation as required under the Texas Rules of Civil Procedure. Accordingly, it would have been error for the trial court to grant relief to Mother when it did not have jurisdiction over Father.

For the same reason, it would have been error for the trial court to have awarded relief to Mother if her motion were viewed as a motion to modify under Chapter 156 of the Family Code. "Any party who has standing to bring an original suit affecting the parent/child relationship may bring a motion to modify that relationship." *Bollard v. Bertelsmann*, 921 S.W.2d 861, 865 (Tex. App.—San Antonio 1996, orig. proceeding) (citing TEX. FAM. CODE ANN. § 156.002(b)). However, the Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification. *See* TEX. FAM. CODE ANN. § 156.004. Accordingly, "[t]he opposing party must receive notice of the suit." *In Int. of A.M.*, 974 S.W.2d 857, 861 (Tex. App.—San Antonio 1998, no writ) (citing TEX. FAM. CODE ANN. § 156.003). It is undisputed that Mother did not serve Father with notice and citation as required under the Texas Rules of Civil Procedure. Accordingly, it would have been error for the trial court to grant relief to Mother when it did not have jurisdiction over Father.

**CONCLUSION**

The trial court's attempt to look after the needs of the child is commendable and correct in intent. However, the cornerstones of our judicial system are notice and a fair hearing. *See* Tex.

---

[4] *Krajca v. Caum*, No. 01-16-00057-CV, 2017 WL 2471102, at *3 (Tex. App.—Houston [1st Dist.] June 8, 2017, pet. denied) (mem. op.) ("A trial court's ruling can be either express or implied. A ruling is implied if it is unexpressed but capable of being understood from something else.") (citations omitted).

Const. art. I, § 19; *Federal Sign v. Texas Southern Univ.*, 951 S.W.2d 401, 410 (Tex.1997). Sproul was given neither.

Because Lagatta did not comply with the notice and service requirements of Chapters 156 and 157 of the Texas Family Code, the trial court had no jurisdiction over Sproul to award relief under those chapters. And, because the trial court's plenary power expired on July 23, 2023, it had had no authority to hear and grant a "motion to compel" on February 2, 2024. Accordingly, we conclude that because the trial court exceeded its authority when it granted Lagatta's motion to compel, the motion is void.

We therefore conditionally GRANT the petition for writ of mandamus and direct the trial court to vacate its rulings denying Father's plea to the jurisdiction and granting Lagatta's motion to compel. The writ of mandamus will issue only if the trial court fails to comply within fourteen days of the date of this opinion and order.

Liza A. Rodriguez, Justice